### W. B. Petty v. W. T. Morgan et al.

Decided February 6, 1909.

**1.—Charge—Absence of Statement of Facts—Practice in Courts of Civil Appeals.**

In the absence of a statement of facts the Appellate Courts will not pass upon the correctness of charges given or refused. An exception to the rule is where the charge given, taken in connection with the pleadings and verdict, is so apparently erroneous as to leave no doubt but that the finding of the jury must have been controlled by the improper instruction.

**2.—Arrest without Warrant—Duty of Officer—Statute—Reasonable Time.**

The statute requiring that the officer making an arrest without warrant shall "immediately" take the prisoner before the nearest magistrate where the arrest is made, contemplates that this must be done within a reasonable time after the arrest. Code Crim. Proc., art. 252.

**3.—Charge—False Imprisonment.**

Where, in an action against a sheriff for false imprisonment under an arrest without warrant, it was admitted that the arrest was authorized, and the verdict for defendant, under the issues submitted in the charge and authorized by the pleadings, embraced a finding that the sheriff within a reasonable time took the plaintiff before the grand jury then in session, who examined into the charge and the prisoner was released as soon as it could have been done had he been taken before the nearest magistrate, it did not appear, in the absence of a statement of facts, that the finding must have been controlled by improper instructions.

Error from the District Court of Hunt County. Tried below before Hon. R. L. Porter.

*C. W. Stringer, J. S. Sherrill* and *Walter L. Tittle,* for plaintiff in error.—Upon the trial the court charged the jury, in part, as follows: "You are instructed that the arrest of the plaintiff by the defendant A. J. Eldridge was lawful, and that the defendant Morgan had a right

to confine the plaintiff in jail on the night of his arrest, and it was not the duty of the defendant Morgan to carry the plaintiff before a magistrate on the night of his arrest, and you can not find any damages in favor of the plaintiff for the failure of said Morgan to carry him before a magistrate at any time during the night of his arrest."

"You are instructed that the defendant Morgan had the lawful right to detain the plaintiff in jail from the time he was placed in his custody by the defendant Eldridge until the following morning, and was then required to carry him before a magistrate within a reasonable time, taking into consideration all the surrounding circumstances. If, therefore, you should find from the evidence that the plaintiff was actually discharged from custody as soon or before he would have been discharged had he been carried before a magistrate within a reasonable time after he was arrested, then you are instructed to find for the defendants on the issue of unlawful confinement."

The plaintiff having been legally arrested, upon the charge of felony (namely, theft from a person), and turned over to the sheriff, W. T. Morgan, it was the duty of the sheriff to immediately take him before the nearest magistrate in order that the offense might be inquired into and an order made committing him to jail, allowing him bond or releasing him. Code of Criminal Procedure, arts. 252, 268, 280, 281, 329 to 334; Newby v. Gunn, 12 S. W., 67; Karner v. Stump, 34 S. W., 656; West v. Cabell, 38 U. S. L. ed., 643; Missouri, K. & T. Ry. Co. v. Warner, 49 S. W., 254; Newburn v. Durham, 32 S. W., 112; Clark v. Winn, 46 S. W., 915; Maddox v. Hudgeons, 72 S. W., 414; Legear v. Warner, 51 L. R. A., 193; Harness v. Steel, 64 N. E., 876.

A sheriff or other peace officer having in his custody the person arrested on warrant issued upon an affidavit charging a felony, or having in his custody a person arrested without a warrant, has no authority to take bail from such person or to put him in jail without having first taken him before a magistrate and procured an order of commitment. Code of Criminal Procedure, art. 252, 332; Short v. State, 16 Texas Crim. App., 46; Kinley v. State, 29 Texas Crim. App., 532; Peters v. State, 10 Texas Crim. App., 302.

The defendants in error having admitted in their answer that the sheriff, without taking the plaintiff in error before a magistrate, confined him in jail during the night and until after the grand jury had investigated the case on the following day, the plaintiff in error is entitled to recover as a matter of law, and the jury should have been required to pass upon the question of amount only. Newburn v. Durham, 32 S. W., 112; Newby v. Gunn, 12 S. W., 67.

*Looney & Clark, Neyland & Neyland* and *C. A. Leddy,* for defendants in error.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit originated in the District Court of Hunt County, Texas, wherein the plaintiff in error, on the 16th day of October, 1907, filed his petition, alleging as his cause of action against the defendants in error that the defendant in error W. T. Morgan was, on said date and prior thereto, the sheriff of Hunt County, Texas; that he had duly qualified and given bond as such with

E. W. Harrison, G. L. Burnett, W. A. Williams and S. Husbands as sureties; that the defendant in error A. J. Eldridge was at said time the deputy sheriff, qualified under the appointment of said Morgan; that on the night of October 23, 1906, about 8 o'clock, the plaintiff in error was in the city of Greenville, at the Cotton Belt depot in said city, waiting for a train due there at 8:15 p. m., on which he was expecting to embark for his home at Mt. Vernon, Texas; that while sitting in the waiting room of said depot he was arrested by the said A. J. Eldridge, deputy sheriff, and searched and taken to the county jail of Hunt County and delivered to the said W. T. Morgan, sheriff; that the arrest was made upon the statement of one Bob Duncan, who represented to said Eldridge that plaintiff in error had feloniously stolen $31 in money from the person of said Bob Duncan, and was about to make his escape; that the arrest was made without a warrant upon such representations; that the said W. T. Morgan, without having procured an order of commitment from a magistrate and without having taken the plaintiff in error before a magistrate and given him an opportunity to make bond or establish his innocence and be discharged, incarcerated the plaintiff in error in jail, and held him there until about three o'clock p. m. of the next day, when he was released; that on the morning of October 24th, while the plaintiff in error was in jail, his friends applied to the said W. T. Morgan and requested to be permitted to make bond for the plaintiff in error and that he be released, and that said requests were refused by said Morgan, he stating that the plaintiff in error would be held until his case had been investigated by the grand jury of Hunt County, which was then in session.

The defendants in error answered in said cause and, after pleading a general demurrer and a general denial, pleaded specifically as follows: "If required to answer further, the defendants say that it is true that the defendant W. T. Morgan was, on the day and date alleged in plaintiff's petition, sheriff of Hunt County, Texas, and the defendant A. J. Eldridge was, in fact, his duly and legally constituted deputy sheriff of Hunt County, Texas; that on the 23d day of October, A. D. 1906, the date alleged in plaintiff's petition, said A. J. Eldridge was on duty as said deputy sheriff at Greenville, Texas, and that late at night on said date the said Eldridge received information from what plaintiff alleged to be a creditable source that there was a man at the Cotton Belt depot who was about to leave on a train which was then almost due that had committed a felony; that there was no time in which to secure a warrant before the train arrived, and the offender would have escaped on said train if the said officer had waited to secure a warrant for his arrest; that acting upon said credible information that the plaintiff had committed a felony, said A. J. Eldridge arrested said plaintiff and took him to the county jail, and every opportunity given him to communicate with any friend or friends that he might have in Greenville by telephone in order that he might make bond; that thereafter he was taken before the county attorney of Hunt County, to wit, George B. Hall, and after all the facts were stated to the said county attorney the said attorney wrote and caused to be made a complaint against the said plaintiff, who gave his name as "Buck

Petty," and directed that a warrant be issued against him as "Buck Petty" commanding the sheriff to arrest him, and the said county attorney further ordered or advised that he be detained until the grand jury, which was then in session, could investigate into the matter and see whether or not a felony had been committed; that acting on said advice the said sheriff detained the plaintiff in the county jail, treating him with all reasonable favors, until complaint had been made and a warrant for his arrest placed with the defendant Morgan and until the said grand jury had investigated the charges against him, and upon failure of the grand jury to indict him he was discharged on the following day, to wit, the 24th day of October, 1906."

A trial resulted in a verdict and judgment for defendants and plaintiff brings the case to this court by writ of error. The record does not contain a statement of facts. The assignments of error assail as error different paragraphs of the charge of the court. Ordinarily these assignments will not be considered in the absence of a statement of facts. It is held "that without a statement of facts or bill of exceptions this court will not consider the action of the court below in receiving or rejecting evidence, nor will it pass upon the correctness of the charges given or refused. . . . An exception to this doctrine is where the charge given, taken in connection with the pleadings and verdict, is so apparently erroneous as to leave no doubt but that the finding of the jury must have been controlled by the improper instructions." (McGaughey v. Bendy, 27 Texas, 535; Texas & Pac. Ry. Co. v. McAllister, 59 Texas, 362.) The appellant contends that this case falls within the exception. It was conceded in the trial court that the deputy sheriff, under the facts, was authorized to make the arrest without a warrant. After the arrest was made by the deputy he delivered appellant into the custody of the sheriff. It then became the duty of the sheriff to immediately take the person arrested before the nearest magistrate where the arrest was made. (Code of Crim. Proced., article 252.) When brought before a magistrate the statute provides: "That officer shall proceed to examine into the truth of the accusation, allowing the accused, however, sufficient time to procure the aid of counsel." Code of Crim. Proced., article 280. It is further provided that, "After a full examination of the testimony, the magistrate shall, if the case be one where bail may properly be granted and ought to be required, proceed to make an order that the accused execute a bail bond with sufficient security conditioned for his appearance before the proper court." Article 329, Code Crim. Proced. It has been held that article 252, above quoted, in requiring that the officer making the arrest shall *immediately* take the person before the nearest magistrate where the arrest was made, contemplates that this must be done within a reasonable time after such arrest. Bishop v. Lucy, 21 Texas Civ. App., 326. The verdict, under the issues submitted in the charge, embraces a finding that the sheriff within a reasonable time took the plaintiff before the grand jury then in session, who examined into the charge against him and that he was released as soon as it could have been done had he been taken before the nearest magistrate. The charge was authorized by the pleadings. It can not be said that the charge, taken in connection with the pleadings

and verdict, is so apparently erroneous as to leave no doubt but that the finding of the jury must have been controlled by improper instructions. The judgment is affirmed.

*Affirmed.*