## WILLIAMS v. TEXAS & N. O. RY. CO.

### No. 1831

Court of Civil Appeals of Texas. Waco.

Jan. 14, 1937.

Archie D. Gray, of Houston, and Felix Atwood and A. R. Stout, both of Ennis, for appellant.

Sewell, Taylor, Morris & Garwood, of Houston, and Hancock & Hancock, of Waxahachie, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellant, Sam Williams, against appellee, Texas & New Orleans Railway Company, to recover damages for personal injuries which he alleged he had sustained as the proximate result of various acts of negligence on the part of appellee. Appellee pleaded in general terms contributory negligence on the part of appellant.

The case is before us without a statement of facts. The transcript as a whole indicates that appellant was returning home about 9 o'clock at night along College street in the city of Waxahachie; that when he reached a point where said street was crossed by appellee's railroad a long freight train was about to pass, or was actually passing, across said street; that appellant was struck by said train, or by something projecting therefrom, knocked under the train, and suffered the loss of both his legs.

The case was submitted on special issues, in response to which the jury found that appellant was "run upon, struck and injured" by one of appellee's freight trains; that appellee's employees operated said train at the time at a rate of speed in excess of 20 miles per hour; and that they

operated said train at said time at a reckless, excessive, and dangerous rate of speed. All said several acts of appellee's employees were found to have constituted negligence and to have been the proximate cause of appellant's injuries. The jury further found that appellant approached and came to a stop in such close proximity to said train as to be in danger of being struck by objects extending therefrom; that appellant stood and remained in such close proximity to said train as to be in danger of being struck by objects extending therefrom; that appellant chose to stand and wait for appellee's train to pass at a point where he was in danger of being struck by objects extending therefrom, when he might have waited in safety at other convenient places while said train passed; and that appellant remained in close proximity to said train without exercising ordinary care to discover the approach of objects that might be extending therefrom. The jury found that appellant was negligent in each of said instances; that such negligence was in each instance a proximate cause, but not the sole proximate cause of his injury, except that the issue of sole proximate cause was not submitted in connection with the second finding. The jury found that appellant had suffered damage in the sum of $1,700. The court rendered judgment for appellee.

## Opinion.

Appellant presents a group of propositions in which he contends, in substance, that he could not be deemed in law to be negligent in failing to use ordinary care to avoid a particular danger, unless he knew of the particular situation which created such danger, or ought to have known of the same. Based on such contention, appellant insists that the court should have submitted whether he knew, or ought to have known, that objects projected from appellee's train which rendered his position at the time one of danger, and that, in the absence of such submission and an affirmative finding thereon, submission of any of the issues on contributory negligence as above recited constituted error and rendered findings of the jury in answer thereto immaterial. Appellant presents a further proposition that the submission of said several issues on contributory negligence as hereinbefore recited placed undue emphasis upon appellee's said defense and necessarily prejudiced appellant's cause before the jury, and was calculated to leave the impression upon the jury that the court was unfavorable to appellant and favorable to appellee.

As a general rule, assignments of error complaining of the giving or refusing of instructions or of the action of the court in submitting or failing to submit special issues cannot be considered in the absence of a statement of facts. The reason which has been given for the rule is that, in the absence of evidence, the appellate court cannot say that under the facts the action of the court with reference to them was prejudicial, even though it was erroneous. 3 Tex.Jur. p. 551, § 387. An exception to such rule exists when the charge given, taken in connection with the pleadings and the verdict, is so apparently erroneous as to leave no doubt that the finding of the jury must have been controlled by it. 3 Tex.Jur. p. 556, § 390; McGaughey v. Bendy, 27 Tex. 534; Ross v. McGowen, 58 Tex. 603, 607, and authorities there cited; Marx & Kempner v. Caldwell, 62 Tex. 64, 65; Freiberg, Klein & Co. v. Lowe, 61 Tex. 436; Texas & P. Ry. Co. v. McAllister, 59 Tex. 349, 362; Austin St. Ry. Co. v. Calhoun (Tex.Civ.App.) 240 S. W. 327, 330, par. 6; Luna v. Missouri, K. & T. Ry. Co. (Tex.Civ.App.) 73 S.W. 1061; Petty v. Morgan, 53 Tex.Civ.App. 584, 116 S.W. 141, 142 (bottom 2nd column); Smyer v. Fort Worth & D. C. Ry. Co. (Tex.Civ.App.) 154 S.W. 336, 337, par. 4; International & G. N. R. Co. v. Hood, 55 Tex.Civ.App. 334, 118 S.W. 1119, par. 1; Hill v. Gulf, C. & S. F. Ry. Co., 80 Tex. 431, 435 (bottom page), 15 S.W. 1099.

Recurring to appellant's first contention, we cannot, absent a statement of facts, say that the evidence did not show that a reasonably prudent person, standing where appellant stood, would have anticipated that objects might extend from the passing train and might strike him there, nor that appellant did not know, or ought not to have known, of the possibility of such striking and resulting danger to himself. 45 C.J. p. 653, § 27; Id. p. 947, § 507. The jury not only found that appellant was negligent in the several instances hereinbefore recited, but also that each such instance of negligence was a proximate cause of his injury. The doctrine of foreseeableness is an essential element of proximate cause. 45 C.J. p. 913, § 483. Neither can we, absent a statement of facts, say, with reference to appellant's

further contention that the issue of contributory negligence was unduly emphasized, that the testimony introduced did not show by an overwhelming preponderance that appellant was guilty of negligence which proximately contributed to his injury. We cannot therefore say that the submission of the several issues on contributory negligence as hereinbefore recited, nor that the manner of the submission of the same, was so plainly erroneous as to leave no doubt that the findings of the jury thereon must have been controlled thereby.

The judgment of the trial court is affirmed.