**O. H. LANIER, INC., et al., Appellants,**

v.

**BEXAR COUNTY NATIONAL BANK OF SAN ANTONIO, Appellee.**

No. 14229.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 19, 1964.

Robert L. Strickland, San Antonio, for appellants.

Moursund, Ball & Bergstrom, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Bexar County National Bank of San Antonio against O. H. Lanier, Inc., and O. H. Lanier, seeking to recover the balance of $16,290.27 alleged to be due upon a certain promissory note in the principal sum of $28,125.00, after crediting the note with the sum of $13,000.-00 alleged to be the amount for which the equipment placed as security had been sold at a trustee's sale.

The cause was submitted to a jury on four special issues, in reply to which the jury found:

(1) That the sale was made in good faith.

(2) That the reasonable cash market value of the equipment was $28,500.00.

(3) That appellee did not sell the equipment for the best available price, and

(4) That the best available price was $21,375.00.

Based upon this verdict the trial court entered judgment in the Bank's favor against the defendants in the principal sum of $16,225.00, from which judgment O. H. Lanier, Inc., and O. H. Lanier have prosecuted this appeal.

Appellants present eight points of error reading as follows:

"1. The Trial Court erred in defining or attempting to define, the term 'good faith' in connection with Question Number 1 of the Court's Charge, for the reason that such term is one of common sense and good judgment and has a well established meaning to the ordinary prudent person.

"2. The Trial Court erred in defining, or attempting to define, the term 'good faith' in connection with Question Number 1 of the Court's Charge, for the reason that such term is one of common sense and good judgment and has a well established meaning to the ordinary prudent person; that the Court's attempt to give a legal definition to a term having a well established meaning to the ordinary prudent person only served to mislead and confuse the Jury.

"3. The Trial Court erred in submitting to the Jury, in connection with Question Number 1 of the Court's Charge, any definition of the term 'good faith'.

"4. The Trial Court erred in submitting the following definition in connection with Question Number 1 of the Court's Charge:

" 'By the term "good faith" is meant with sincerity or honesty.'

for the following reasons:

"(1) It places a greater burden of proof upon defendant than required by law in that before the Jury could find that the sale was not made in good faith they would have to find that the Plaintiff bank acted with 'insincerity' or 'dishonesty'; that there were no pleadings that the Bank acted with 'dishonesty' and therefore said definition also required a Jury finding of a fact not pled by Defendant before it could find that the sale was not a good faith sale.

"(2) It is submitted in the disjunctive.

"(3) It is capable of having two different meanings.

"(4) It is vague, indefinite, ambiguous, multifarious and duplicitous.

"5. The Trial Court erred in failing to submit the following definition of the term 'good faith' in connection with question Number 1 of the Court's Charge, as requested by Appellant:

" 'By the term "good faith", is meant an honest intention to abstain from taking any unconscious advantage of another, even through the forms or technicalities of law, together with an absence of all endeavor or belief of facts which would render the transaction unconscionable.'

"6. The Trial Court erred in submitting to the Jury Questions 3 and 4 as they were wholly unnecessary and surplusage; this for the reason that said Questions No. 3 and 4 could not have been a basis of any judgment to be rendered under any circumstances in this case and that to submit such issues to the Jury only served to mislead and confuse them and that such confusion on the part of the Jury affected their answer to Question Number 1 to these Defendants' detriment.

"7. The Trial Court erred in rendering judgment for Plaintiff based on the amount the Bank itself bid in the collateral security rather than on the amount the Bank actually sold the equipment for thereafter, as this allowed the Bank a Judgment for a profit on the foreclosure.

"8. The Trial Court erred in failing to render Judgment for Plaintiff based on the Jury finding as to the reasonable market value of the collateral security or at least the Jury finding as to the best available price that could have been obtained on November 15, 1960."

Appellants have not filed a statement of facts herein, but rely entirely upon the transcript as their record. In the absence of a statement of facts, we are unable to determine whether appellants were prejudiced by the matters complained of as reversible error.

In the early case of McMullen v. Kelso, 4 Tex. 235, the Court said:

"There being no facts sent up with the record, it will be unnecessary to examine further the above instruction or the one which was asked by the defendant and refused. They stand upon the record as abstract propositions; and whether the giving the one or refusal of the other operated injuriously to the defendant cannot be ascertained from the record, and can form no ground for revision or reversal of the judgment."

In Williams v. Texas & N. O. Ry. Co., Tex.Civ.App., 100 S.W.2d 1077, the Court said:

"As a general rule, assignments of error complaining of the giving or refusing of instructions or of the action of the court in submitting or failing to submit special issues cannot be considered in the absence of a statement of facts. The reason which has been given for the rule is that, in the absence of evidence, the appellate court cannot say that under the facts the action of the court with reference to them was prejudicial, even though it was erroneous."

It is well settled that this Court cannot determine whether the giving or the refusing of a charge or an issue is reversible error in the absence of a statement of facts.

Before we can reverse a judgment of a trial court we must be of "the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; * * *." Rule 434, Texas Rules Civil Procedure. In the absence of a statement of facts we are unable to determine whether the error complained of by appellants was of such a nature. 3 Tex.Jur.2d, p. 707, § 458.

Furthermore, appellee moved for an instructed verdict which was overruled by the trial court, and again, in the absence of a statement of facts, we are unable to determine whether appellee was entitled to judgment on this motion.

The judgment of the trial court is affirmed.

BARROW, J., not participating.