James **PATTERSON** et al., Appellants,

v.

Billie Barbara **HALL** et vir, Appellees.

No. 11540.

Court of Civil Appeals of Texas.

Austin.

Oct. 18, 1967.

Rehearing Denied Nov. 8, 1967.

Rehearing Denied Nov. 29, 1967.

Charles Ramsey, San Marcos, Barkley, Cutcher & Alderson, Taylor, for appellants.

Wallace T. Barber, San Marcos, Emmett Shelton, Sr., Holloway & Holloway, Austin, for appellees.

HUGHES, Justice.

Billie Barbara Hall and husband, Nathan Hall, appellees, brought this suit against James Patterson, Frances Patterson Lee, a feme sole, Annie Mabry Gilliland and husband George W. Gilliland, Matie E. McKellar, a feme sole, Edith Butler and husband, W. S. Butler and the State Bank and Trust Company of San Marcos, Texas, Administrator of the Estate of Barbara L. Everett, deceased, to recover the title to and possession of 812.5 acres of land located in Hays County.

Trial to a jury resulted in a verdict and judgment for appellees. From this judgment, Matie E. McKellar, Frances Patterson Lee, Annie Mabry Gilliland, George W. Gilliland and Annie K. Patterson [1] have appealed.

This case is before us without a statement of facts.

Appellants' first five points are that the trial court erred in failing to submit as part of its charge their requested instructions one through five.

The trial court submitted the following special issues to the jury which answered as indicated:

"SPECIAL ISSUE NUMBER ONE:
Do you find from a preponderance of the evidence that Barbara Everett made an oral gift to the Plaintiffs, Billie Barbara Hall and Nathan Hall, of the land described in the Plaintiffs' Original Petition and known as the 'Home place' at or about the time the Plaintiffs first moved on such lands in about 1962?

Answer: NO.

SPECIAL ISSUE NUMBER TWO:
Do you find from a preponderance of the evidence that Barbara Everett made an oral gift to the Plaintiffs, Billie Barbara Hall and Nathan Hall, of the land described in the Plaintiffs' Original Petition and known as the 'Home Place' during the year 1964?

Answer: YES.

SPECIAL ISSUE NUMBER THREE:
Do you find from a preponderance of the evidence that the Plaintiffs, Billie Barbara Hall and Nathan Hall, entered into possession of such land relying on such gift, with the consent of Mrs. Everett?

Answer: YES.

SPECIAL ISSUE NUMBER FOUR:
Do you find from a preponderance of the evidence that the Plaintiffs, Billie Barbara Hall and Nathan Hall, made valuable and permanent improvements on such land in reliance on the gift, with the knowledge and consent of Barbara Everett?

Answer: YES."

Appellants timely requested and the trial court refused to give the following instructions and definitions:

"DEFENDANTS' REQUESTED INSTRUCTION NUMBER ONE

In connection with Special Issues Numbers 1 and 2, you are instructed that to establish an oral gift of land there must have been a present gift. To constitute a present gift, there must have been an intent on the part of Barbara Everett to convey the property in question at the time she made the gift, if she made a gift. A promise to convey land in the future or to make a gift in the future, or to leave property in a will is not sufficient positive action to constitute a present gift.

---

1. Annie K. Patterson answered and judgment was taken against her although she was not named in appellees' petition.

## DEFENDANTS' REQUESTED . INSTRUCTION NUMBER TWO

In connection with Special Issue Number 3, you are instructed that the word 'possession' as used therein does not necessarily mean exclusive possession, but can mean the joint possession of Plaintiffs with Barbara Everett, however, it must be such possession in Nathan and Billie Hall that they would have the right of control which pertains to the status of an owner, and not the status of an employee.

## DEFENDANTS' REQUESTED INSTRUCTION NUMBER THREE

In connection with Special Issue Number Four, you are instructed that the term 'valuable and permanent improvements' as used therein means the improvements made must be of a permanent nature, and of such value, in comparison with the nature and value of the property upon which the improvements are made, as to enhance the value of such property to a substantial degree. Improvements of an insignificant value are not sufficient.

## DEFENDANTS' REQUESTED INSTRUCTION NUMBER FOUR

In connection with Special Issue Number Three, you are instructed that the word 'possession' as used therein does not necessarily mean exclusive possession, but can mean the joint possession of Plaintiffs with Barbara Everett, however, it must be such possession in Nathan and Billie Hall that they would have the right of control which pertains to the status of an owner.

## DEFENDANTS' REQUESTED INSTRUCTION NUMBER FIVE

In connection with Special Issue Number Four, you are instructed that the term 'valuable and permanent improvements' as used therein means the improvements made must be of a permanent nature, and of such value, in comparison with the nature and value of the property upon which the improvements are made, as to enhance the value of such property to a substantial degree."

Appellants' points five through ten are that the trial court erred in overruling objections made to the charge to the jury. Three of the objections were to Special Issue No. 2, supra, and were (1) that it was in the nature of a general charge and did not define an oral gift or state its elements (2) that their requested instruction No. 1, supra, was not given in connection with such issue and (3) that no instructions were given by which the jury could determine whether the gift inquired about had become complete at any stated time.

Another objection to the charge was that Special Issue No. 3, supra, was a general charge and permitted the jury to return a general verdict as to possession of the land without the benefit of appellants' requested instructions, supra, as to such issue.

The objection to the charge presented in point ten was that Special Issue No. 4, supra, was a general charge which permitted the jury to return a general verdict as to improvements without the benefit of their requested instructions, supra, as to this issue.

Point eleven is that the trial court erred in overruling objections to the definition of "possession" given in the charge in connection with Special Issue No. 3, supra. The objections were that the definition was incomplete and did not conform to the elements of possession set out in the requested instructions of appellants, copied above. The Court instructed the jury that the word "possession" as used in this issue does not necessarily mean exclusive possession, but can mean the joint possession of plaintiffs with Barbara Everett.

The record discloses that in the pleading on which appellees went to trial they alleged a gift of this property occurring in 1962,

and that during the trial a trial amendment was filed in which a gift in 1964 was alleged. The 1962 gift was negated and the 1964 gift was affirmed by the jury.

It is our opinion that the above points cannot be evaluated without a statement of facts. The general rule, supported by many authorities, is that a charge not glaringly erroneous under any state of facts that could arise under the pleadings will not be reviewed without a statement of facts. Freiberg, Klein & Co. v. Lowe, 61 Tex. 436, Trinity & Brazos Valley Ry. Co. v. Lunsford, 160 S.W. 677, Tex.Civ.App. Austin, writ ref. The rule applies not only to the charge given but to requested charges refused. Day v. Gulf, C. & S. F. Ry. Co., 297 S.W. 501, Tex.Civ.App. Austin, n. w. h., and cases therein cited.

Even though a charge given may appear to be erroneous, the appellate court, without a statement of facts, cannot determine whether the error was prejudicial except where the erroneous charge given, taken in connection with the pleadings and verdict leaves no doubt that the finding of the jury must have been controlled by it. Williams v. Texas & N. O. Ry. Co., 100 S.W.2d 1077, Tex.Civ.App. Waco, n. w. h., and authorities therein cited.

One of the latest cases applying the principles of the above cases is Lanier, Inc. v. Bexar County National Bank, 376 S.W.2d 42, Tex.Civ.App. San Antonio, n. w. h.

Rule 277, Texas Rules of Civil Procedure, does, in part, provide that the trial court shall submit such explanatory instructions and definitions of legal terms as shall be necessary to enable the jury to properly render a verdict on the issues submitted to it.

The problem here, however, is that without a statement of facts we cannot tell whether the failure to give such requested instructions was prejudicial to appellants. In fact, we cannot tell whether any issues should have been submitted to the jury. It could be that the parol gift and all of

its elements were established as a matter of law by the testimony and admissions of appellants upon the trial.

There is no question presented that the verdict of the jury and the judgment rendered pursuant to it were not within the scope of the pleadings of the parties. In view of this, we will not analyze the pleadings.

It is our opinion that the charge to the jury was not so glaringly erroneous when considered with the pleadings for us to hold, as a matter of law, that the jury was necessarily misled thereby.

So believing, we overrule all points presented by appellants and affirm the judgment of the trial court.

Affirmed.

## ON MOTION FOR REHEARING

On April 17, 1967, appellants filed a motion herein for an extension of time within which to file a statement of facts. The reason given was that the court reporter who reported the case had been unable to prepare the statement of facts as shown by an attached affidavit of such reporter. We quote from this affidavit:

"I am a free lance independent court reporter residing in Houston, Harris County, Texas. I do court reporting as a profession, taking depositions and very frequently fill in for official court reporters when they are unable to be in attendance in their regular court. Because of the illness of the Official Court Reporter, Mr. A. C. Fridge, I was requested to take, and did take and report the cause of Billie Barbara Hall, et vir, vs. James Patterson, et al, No. 8269, in the District Court of Hays County, Texas, such trial beginning on October 31, 1966, and testimony having been received from 16 witnesses for three days.

Immediately after the trial, being November 4, 1966, James L. Cutcher of

Taylor, Texas, one of the attorneys for the Defendants, James Patterson, et al, called me by long distance telephone and at that time ordered a transcript of the Objections to the Court's Charge, and in such telephone conversation Mr. Cutcher also advised me that he would need a Statement of Facts. On this occasion Mr. Cutcher advised me that he would file a Motion for New Trial and desired to use a copy of the Statement of Facts at the time of arguing his Motion for Net (sic) Trial and further advised me that he desired to have the Statement of Facts transcribed, regardless of whether the Court did grant a new trial or not.

On December 9, 1966, I mailed the transcription of the Objections to the Court's Charge, together with my letter dated December 9, 1966, stating that I would need a deposit of $500.00 before beginning work on the Statement of Facts, a copy of which letter is attached hereto. Thereafter, I received a letter from Mr. Cutcher dated December 27, 1966, a copy of which is attached hereto. I later received a letter from Mr. Cutcher dated February 23, 1967, on February 25, 1967, together with checks totaling $500.00 as deposit on the Statement of Facts, a copy of which letter is attached hereto.

Since February 25, 1967 when the Statement of Facts was ordered, my workload, consisting of depositions, Statement of Facts and substituting in various courts in Houston, LaGrange and Lockhart, has continued to increase. This, coupled with the fact that I have had to take care of some private matters outside of my regular duty as a court reporter has caused me to be unable to transcribe the Statement of Facts as ordered by Mr. Cutcher.

Mr. Cutcher telephoned me sometime during the first week of March asking about the Statement of Facts. At that time I was advised for the first time the Statement of Facts was due some time the very last of March. At that time I informed Mr. Cutcher it would be impossible for me to have the Statement of Facts prepared by the date he had informed me it was due.

As of this date I have been unable to begin on the Statement of Facts and I feel it will take at least forty-five (45) days with the workload I am now carrying before I will be able to finish the Statement of Facts.

WITNESS MY HAND this 14th day of April, 1967

/s/ M. A. Baker, Jr.
M. A. Baker, Jr."

We also copy below the letter from appellants' attorneys to Mr. Baker dated December 27, 1960:

"Dear Mr. Baker:

Enclosed please find our check in the sum of $20.00 for payment of reporting voir dire and transcribing objections to the Court's charge.

We are discussing with our clients your requirement of payment in advance on the Statement of Facts and will forward the same soon. We have borne all expenses for these people as we are not worried about the money since there is an additional 700 acre tract of land out of which we will recoup all expenses. However, we would like for them to get their feet wet in this thing then they will be more personally involved and, therefore, we have requested that they furnish the $500.00 deposit to you.

When I send you the deposit, I will also send the deposition and letter."

On April 26, 1967, we overruled the motion of appellants but granted motion to amend as shown by the following order:

"Appellants' Motion for Extension of Time to File Statement of Facts in the above cause was today submitted and overruled, with leave granted to amend his motion within ten days from this date by showing, if he can, that if the

Statement of Facts had been ordered earlier, say within a week of the date when the motion for new trial was overruled, that, nevertheless, the court reporter could not have completed the statement of facts within the sixty days allowed."

On May 8, 1967, appellants amended their motion by filing an affidavit of Mr. Cutcher, an attorney for appellants, and by filing an additional affidavit from Mr. Baker.

We quote from the affidavit of Mr. Cutcher:

"The Motion for New Trial in this cause was overruled and ordered entered on February 1, 1967. Affiant, at such time, was in the process of preparing for a jury trial in the District Court of Williamson County, Texas, which was to be tried on February 6, 1967, and which was the first cause on the jury docket at such time, which said cause was, in fact, tried and terminated on February 6, 1967. Your Affiant had been advised by the Court Reporter, M. A. Baker, Jr., of Houston Texas, that such Court Reporter required a cash deposit of $500.00 prior to beginning the preparation of the Statement of Facts in this cause and Affiant, therefore, had his clients conform to such request. On February 10, 1967, Affiant attempted to contact his clients to secure such funds for the deposit, such clients having previously agreed that the Patterson family would furnish $250.00 of said deposit and Mrs. Matie E. McKellar would furnish the other $250.00, as this represented their proportionate interest among themselves in the cause of action. This Affiant was advised that Mrs. Matie E. McKellar, who is elderly, was out of the State of Texas and, therefore, this Affiant, on February 10, 1967, called Mr. Edwin I. McKellar, Jr., Attorney at Law of Houston, Texas, who is the son of Mrs. Matie E. McKellar, and this Affiant was then advised that Mrs. Matie E. McKellar was then in Pittsburg, Pennsyl-

vania, where she had gone to visit her daughter, this Affiant being further advised by Mr. Edwin I. McKellar, Jr., that Mrs. Matie E. McKellar had become seriously ill while visiting her daughter in Pittsburg, Pennsylvania, had been hospitalized and had undergone a surgical operation, whereupon Mr. McKellar stated that he would contact his mother and have her furnish such funds. Mr. McKellar did so contact his mother and her check was received by this Affiant February 22, 1967, and said check was then placed with the check of the Patterson family and was mailed to said Court Reporter by this Affiant on February 23, 1967.

Thereafter, this Affiant called such Court Reporter during the first week of March to inquire what progress such Court Reporter was making on transcribing such Statement of Facts, and this Affiant has personally called said Court Reporter nine times thereafter, attempting to either secure the Statement of Facts or an affidavit from said Reporter showing why the same has not been completed.

Such Court Reporter has stated to this Affiant in telephone conversations that he, the said Court Reporter, would not have been able to transcribe the Statement of Facts even if he had received the deposit immediately after February 1, 1967; however, said Court Reporter, thereafter, has refused to make such statement in an affidavit where it could be filed with the Court. Such Court Reporter has also advised this Affiant in such telephone conversations that since receiving the $500.00 deposit he, the said Court Reporter, has thereafter taken and transcribed certain depositions for other attorneys who were his regular customers in Houston, Texas, thereby giving preference to such work of his regular customers.

This Affiant has discussed with such Court Reporter the contents of affidavits

to be filed with the Court of Civil Appeals; however, such Court Reporter, after having advised this Affiant of facts which he would include in an affidavit to be filed by him, such Court Reporter did not so include such facts and such Court Reporter would not sign any affidavit that he did not personally prepare himself. Affiant states that the two affidavits signed by such Court Reporter and filed with the Court of Civil Appeals were not prepared by this Affiant, but were furnished to this Affiant by the Court Reporter and, in fact, when this Affiant was advised by the Clerk's Office by their letter of April 26, 1967, to the effect that Appellants' Motion for Extension of Time to File the Statement of Facts in this cause was overruled with leave granted to amend the Motion within ten (10) days, this Affiant called such Court Reporter and advised such Court Reporter of the overruling of the Court and requested that the Court Reporter sign an affidavit showing the facts that such Court Reporter had related to this Affiant orally, and said Court Reporter advised this Affiant that he, the said Court Reporter, 'did not see the necessity of a further affidavit.' However, thereafter, said Court Reporter did execute the affidavit dated May 6, 1967, which, as stated above, was prepared by the said Court Reporter."

We quote from the affidavit of Mr. Baker:

"It is my opinion that I would not have been able to prepare the statement of facts so that it could have been filed within the time allowed by the Texas Rules of Civil Procedure if I had received the order for the statement of facts several days prior to February 25, 1967, the date received, and perhaps as long as a week prior to such date."

Also we copy a letter from Mr. Baker to an attorney for appellee, dated May 6, 1967.

"In accordance with my advice to you that I would furnish to you a copy of any affidavit or statement which I furnished to opposing counsel, I enclose herewith a copy of affidavit which I have this day mailed to Mr. Cutcher.

For your information, Mr. Cutcher was rather insistent that I should make a statement that if I had received the order even two weeks earlier than I received it I still could not have prepared the statement of facts in time; but I felt I could not truly make such a statement as to any time more than a week prior to February 25, 1967."

We adhere to our previous ruling in denying appellants' motion for an extension of time within which to file a statement of facts.

Notice of appeal was given on February 1, 1967.

Rule 377(c), T.R.C.P. provides, in part, that, "Promptly after notice of appeal is given and where a request is made of the official court reporter for the preparation of a transcript of all or any part of the evidence adduced on the trial of the case * * *," certain steps must be taken.

■ This rule clearly requires that a statement of facts must be requested promptly after notice of appeal is given.

■ Our holding simply is that waiting twenty-three or twenty-four days before ordering a statement of facts is not acting promptly within the above rule and that unless it be shown that had the statement of facts been ordered promptly it still could not have been prepared within the time allowed good cause within Rule 386, T.R.C.P., as construed in Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, is not shown. There the Court emphasized that under the Rule appellant must show "good cause why he *could not* file" (italics ours) the record timely, and further stated that Courts of Civil Appeals have but little dis-

cretion in determining whether to permit the late filing of a transcript.

 The affidavit of the court reporter here merely shows that had the statement of facts been ordered a week earlier, he could not have prepared it in time. This showing does not meet the requirement of Matlock that appellant must show good cause why he could not timely file the statement of facts. See Douglas v. Wheeler, 306 S.W.2d 956, Tex.Civ.App. Austin, writ ref. n. r. e.

We are aware of the Supreme Court opinion in Wigley v. Taylor, Tex., 393 S.W.2d 170, where the Court without citing Matlock states " * * * we cannot say that the Court of Civil Appeals abused its discretion in denying the motion (under Rule 386, T.R.C.P.) inasmuch as counsel waited forty-eight days after judgment was entered by the trial court before ordering the transcript."

If by that language the Court implies that the Court of Civil Appeals in Wigley had the discretion to *grant* such motion notwithstanding the forty-eight day delay in ordering the transcript, then this Court certainly would have the discretion to grant the motion before us. Under the affirmative authorities cited herein, we do not believe we have discretionary authority to grant appellants' motion. If, however, we do have such authority, we would, without hesitation, grant the motion.

Appellants say that they find themselves at the mercy of the court reporter. We agree. The records of this Court disclose that the court reporter and clerk of the trial court have the power of life and death over appeals. This is an unhealthy situation which only the rulemakers can remedy.

We did not write on this question in our original opinion for the reason that no assignment of error pertaining thereto was in appellants' brief.

The motion is overruled.

Motion Overruled

## ON SECOND MOTIONS FOR REHEARING

Appellant Matie E. McKellar calls our attention to a separate notice of appeal dated November 28, 1966, on behalf of all appellants, which was filed February 6, 1967.

 All appellants gave notice of appeal in the order overruling the motion for new trial on February 1, 1967. The sufficiency of this notice of appeal is not attacked and we find no fault in it; nor is it contended that it has been abandoned. In our opinion, the notice of appeal filed February 6, 1967, is surplusage and is ineffective to prolong the period for taking steps to obtain a statement of facts under Rule 377, T.R.C.P. All second motions for rehearing are overruled.