Billy R. DUFFEY et ux., Appellants,

v.

Kenneth HANES et al., Appellees.

No. 17737.

Court of Civil Appeals of Texas, Dallas.

Nov. 19, 1971.

Rehearing Denied Dec. 18, 1971.

Diamond J. Pantaze, Dallas, for appellants.

Don W. Davis, Irion, Cain, Magee & Davis, Dallas, J. Walter Friberg, Wichita Falls, for appellees.

BATEMAN, Justice.

The appellants sued Quality Mobile Homes, and its partners, and Midland-Guardian Company of Oklahoma, alleging that they had purchased a mobile home from Quality Mobile Homes, and that the appellee Midland-Guardian Company of Oklahoma acted jointly with Quality Mobile Homes in charging appellants usurious interest. They also alleged that the appellees violated Vernon's Ann.Civ.St., Art. 5069–7.02, by filling in the blanks in the purchase agreement, retail installment contract and promissory note after they had been signed by appellants, and by failing to supply appellants copies of such instruments. Both appellees specifically denied the collection of usurious interest and the alleged statutory violations.

The jury found, in answer to special issues, (1) that Quality Mobile Homes and Midland-Guardian were not engaged in a joint venture in arranging the loan, (8) that appellees did not cause appellants to execute the documents in blank in order to evade the usury law of the State of Texas, (9) that when Midland-Guardian purchased appellants' note and contract it had no knowledge of any defense or claim they may have had in connection therewith, and (15) appellants consented that their note would be filled in with a total amount equal to eighty-four monthly payments of $111.99 each before they signed the note. The jury failed to answer any of the other issues submitted, the judgment reciting that the jury foreman announced that they could not agree upon the answers thereto, "whereupon, there being no motion for mistrial, and no objection by any party to the court's receipt and acceptance of said verdict, the court received and accepted the verdict" and discharged the jury. There-

after, upon a finding by the court that "the law and the facts are with the Defendants," judgment was rendered that appellants take nothing. The appellants bring this appeal without a statement of facts.

■ Their first and second points of error on appeal complain of (1) the overruling of their requested instructions regarding definition of the term "usury" in connection with Special Issue No. 8, and (2) the giving of certain instructions in connection with Special Issue No. 1. These points are not well taken. In the first place, without a statement of facts showing what evidence had been introduced, we cannot say that the action of the court was prejudicial to appellants, since under the evidence the appellees may have been entitled to prevail in any event, in which case the error would be immaterial and harmless. 3 Tex.Jur.2d, Appeal and Error—Civil, § 458, p. 707; Lanier, Inc. v. Bexar County Nat. Bank, 376 S.W.2d 42 (Tex.Civ.App., San Antonio 1964, no writ); Patterson v. Hall, 421 S.W.2d 921, 925 (Tex.Civ.App., Austin 1967, reversed on other grounds, 430 S.W.2d 483).

■ Moreover, with respect to the first point, in view of the instructions and definition given by the court in connection with Special Issue No. 8, appellants' mere request for a different instruction and definition cannot be construed as an objection to the charge given. Rule 274, Vernon's Texas Rules of Civil Procedure, provides that a party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection; and the only way to preserve for review a complaint of a defect in the charge is by objecting to it before submission to the jury and while the court has an opportunity to correct it. Lyles v. Texas Employers' Ins. Ass'n, 405 S.W.2d 725, 727 (Tex. Civ.App., Waco 1966, writ ref'd n. r. e.). Appellants' request for a different instruction and definition will not suffice as an objection to the charge. Stuckey v. Union Mortgage & Investment Co., 383 S.W.2d

429, 437 (Tex.Civ.App., Tyler 1964, writ ref'd n. r. e.); City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176, 179 (1951).

The first two points of error are overruled.

In their third and fourth points of error appellants complain of the take-nothing judgment because "there were insufficient numbers of issues" in appellees' favor to constitute complete defenses to appellants' cause of action.

The invalidity of these two points appears on the face thereof. Unless and until appellants established their cause of action it was not incumbent on appellees to establish their defenses or to obtain favorable findings thereon. Appellants do not contend that had the several unanswered issues been answered in their favor their causes of action would have been established—their whole argument is that the four findings of the jury, although favorable to appellees, were not sufficient to demonstrate "complete defenses" to appellants' causes of action.

■ In the absence of a statement of facts, or any findings or conclusions filed by the trial court, we must presume that the evidence was sufficient and that every fact necessary to support the judgment within the scope of the pleadings was proved at the trial. 3 Tex.Jur.2d, Appeal and Error—Civil, § 452, pp. 702–703.

■ Moreover, as stated, appellants made no objection or exception to the form of the verdict when it was received and accepted by the court. Under the authorities, they waived the right to complain of receipt of the incomplete verdict by failing to object to its reception before the jury was discharged. Thompson v. Graham, 333 S.W.2d 663, 665 (Tex.Civ.App., Eastland 1960, writ ref'd n. r. e.); Lewis v. Texas Employers' Ins. Ass'n, 151 Tex. 95, 246 S.W.2d 599, 600 (1952); Davis v. Texas Employers' Ins. Ass'n, 257 S.W. 2d 755, 758 (Tex.Civ.App., Eastland 1953, no writ); Boyer v. Gulf, Colorado & Santa

Fe Ry. Co., 306 S.W.2d 215, 222–223 (Tex. Civ.App., Houston 1957, writ ref'd n. r. e.)

Furthermore, presuming that all of the issues submitted to the jury were supported by evidence, Dallas Railway & Terminal Co. v. Tucker, 207 S.W.2d 937 (Tex.Civ.App., Dallas· 1948, no writ); Wagstaff v. North British & Mercantile Ins. Co., 88 S.W.2d 550, 552 (Tex.Civ. App., Eastland 1935, no writ), we cannot say as a matter of law that any one or more of such issues, even had they been answered in favor of appellants, would· have entitled them to a judgment. To affirm the judgment, it is not necessary for us to hold that the said four findings, standing alone, present complete defenses for the appellees. Since only controverted issues of fact are supposed to be submitted to the jury, we have no way of knowing, in the absence of a statement of facts, how much uncontroverted evidence there may have been to demonstrate that, quite aside from the defenses asserted by appellees, the appellants had failed to prove their case.

For the reasons given, we affirm the judgment.