**Dorothy E. ERICKSON, Appellant,**

v.

**Tracy Don HIGH, Appellee.**

**No. 1048.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 18, 1974.

Rehearing Denied Jan. 8, 1975.

W. R. Malone, Paul C. Murphy, III, Malone, Murphy & Fenley, Kenneth E. Lanier, Houston, for appellant.

Don A. Weitinger, Weitinger & Steelhammer, Houston, for appellee.

TUNKS, Chief Justice.

This is a personal injury case based on an automobile collision. The appellant, Dorothy E. Erickson, plaintiff in the trial court, drove her car from a parking lot onto a highway and was struck by a car being driven by the appellee, Tracy Don High, who was one of the defendants in the trial court.

The case was submitted to a jury. The jury found High guilty of various acts and omissions of negligence each of which was the proximate cause of the collision. The jury also found that Mrs. Erickson failed to yield the right-of-way when she drove from the parking lot onto the highway and that such failure was a proximate cause of the collision. The trial court did not submit any issues as to whether such failure to yield the right-of-way was negligence. The plaintiff's objection to the charge on the ground that the court failed to submit that negligence issue was overruled. The trial court rendered judgment that Mrs. Erickson take nothing and she has perfected her appeal. She has, however, filed no statement of facts.

The appellant has only one point of error. That point is based on the trial court's failure to submit an issue asking if her failure to yield the right-of-way was negligence. It is her contention that without a finding of negligence, the verdict will not support a judgment for the appellee on the basis of contributory negligence. The appellee, on the other hand, argues that the appellant's failure to yield the right-of-way when she entered the highway from the parking lot was a violation of Vernon's Tex.Rev.Civ.Stat.Ann. art. 6701d, § 74 (1969), and that such violation was negligence per se.

On the record before us, without a statement of facts, we cannot sustain appellant's point of error. Without a statement of facts, an appellate court must presume that the trial court submitted those issues which were raised by the evidence and the answers to which were not established as a matter of law. We may not presume that there was contradictory evidence which necessitated the submission of some issue which the trial court did not submit. In Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549 (1946), the Court held that an appeal from a judgment notwithstanding a verdict could not ordinarily be successfully prosecuted without a statement of facts. It further held that " . . . there is a general presumption in favor of the trial court's judgment." *Id.* at 550. It

quoted from Mutual Inv. Corporation v. Hays, 59 S.W.2d 97, 98 (Tex.Comm'n App.1933, jdgmt. adopted), as follows: "While a judgment, in the absence of the evidence upon which it was rendered, will be sustained by presumption, it will never be rendered invalid by presumption."

In O. H. Lanier, Inc. v. Bexar County National Bank, 376 S.W.2d 42, 44 (Tex.Civ.App.—San Antonio 1964, no writ), the Court said, "It is well settled that this Court cannot determine whether the giving or the refusing of a charge or an issue is reversible error in the absence of a statement of facts." The court also pointed out that, even if there were error in the charge, without a statement of facts there was no way to tell if the error was harmful and reversible within the meaning of Texas Rules of Civil Procedure, rule 434. *See also* Williamson v. Johnson, 492 S.W.2d 327 (Tex.Civ.App.—Tyler 1973, no writ); Duffey v. Hanes, 474 S.W.2d 621 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.).

Appellant's point of error is overruled.

The judgment of the trial court is affirmed.