## MADISON v. MARTINEZ.
### No. 11084.

Court of Civil Appeals of Texas. Dallas.

Jan. 14, 1933.

Rehearing Denied Feb. 11, 1933.

See, also, 42 S.W.(2d) 84.

Ross M. Scott, of Dallas, for appellant.

Smithdeal, Shook, Spence & Bowyer and Lewis B. Lefkowitz, all of Dallas, for appellee.

JONES, Chief Justice.

At a former day of this term, this cause was dismissed for want of jurisdiction.[1] In the motion for rehearing, our attention is called to the fact that, in the judgment in favor of appellee in the forcible entry and detainer suit, judgment was also entered in favor of appellee against appellant in the sum of $461, as damages. Appellant's brief only assigns error on that portion of the judgment against appellant on the plea of forcible entry and detainer and authorizing a writ of restitution. No appeal lies from the county court to this court on such an order, but, under the terms of article 3992, R. S. 1925, an appeal can be prosecuted from a judgment for money damages in excess of $100. Appellant contends that, because the money judgment in the instant case is in excess of $100, this court is given jurisdiction of the entire subject-matter of the judgment. We do not understand this to be the law. Rose v.

Skiles (Tex.Civ.App.) 245 S. W. 127; Boyle v. Grubbs (Tex. Civ. App.) 268 S. W. 277.

There is no assignment of error contesting the amount of the money judgment, and hence no power of review is conferred by the appeal on this portion of the judgment. However, because of the money judgment of $461, we set aside the order heretofore entered dismissing the appeal, and affirm the portion of the judgment awarding damages.

Affirmed.