## URBANEC v. JEZIK.

No. 10978.

Court of Civil Appeals of Texas. Galveston.

March 14, 1940.

A. F. Urbanec, of East Bernard, in pro per.

No brief for appellee.

GRAVES, Justice.

This appeal is from a judgment of the county court of Wharton County, entered on the 4th day of August, 1939, sustaining a general demurrer to the petition of the appellant for an injunction against the appellee and dismissing the same, whereby he sought to enjoin the latter from enforcing—through writ of restitution or execution—a final judgment in forcible detainer appellee had theretofore obtained against the appellant in such county court upon an appeal therein from the justice court of precinct No. 4 of Wharton County.

In such petition now under review appellant alleged, in so far as deemed material, substantially that appellee had sued him, along with another, in the justice court for possession of a small piece of land at East Bernard, which had formed the subject-matter of a five-year written lease between them, the initial term of which expired on November 30 of 1938, but which carried a renewal-privilege under certain conditions; that such trial in the justice court resulted in appellant's favor, but the cause was appealed to the county court by the appellee, without, however, giving the required notice of appeal in open court as provided by R.S. Article 3987; that although such alleged failure to give the prescribed notice of appeal had been urged upon the county court, it nevertheless decided such appeal in the appellee's favor and gave him judgment for the possession of the property, pursuant to the statutes applying in such causes; that appellant thereupon in that proceeding, after his motion for a new trial therein had been overruled by the court, took no further action, but separately and independently thereof resorted to the same court in this application for an injunction to set aside the final judgment so rendered against him in the other proceeding, upon this, among other averments: "Because the plaintiffs are without adequate remedy at law, in that County Court judgments are final in forcible detainer, and that plaintiffs are without a remedy, except by injunction to set aside a void judgment."

It is the conclusion of this court that the finality of the county court's judgment on appeal from the forcible detainer proceeding, made so by R.S. Article 3992, which appellant thus invokes as giving him the right in this application to enjoin the enforcement of the same upon such mere errors, as he so alleges, cuts just the other

way; in other words that, taking as true all of his given averments, his bill does not state a good ground for injunction at the hands of the county court in this proceeding, because, as seems to be well settled under our decisions, an injunction will not—in such situations—be granted, either (1) to correct errors in a judgment which might have been corrected by legal remedies, or (2) to prevent the issuance of, or to correct an execution, where the right of appeal from that proceeding has been denied by statute; Hayes v. Bone, Tex. Civ.App., 69 S.W.2d 180; Reast v. Hughes, Tex.Civ.App., 33 S.W. 1003, at page 1004; Odom v. McMahan, 67 Tex. 292, 3 S.W. 286.

Further discussion being deemed unnecessary, the judgment will be affirmed.

Affirmed.