**CAMBELL v. CAILLAVET et al.**

No. 4197.

Court of Civil Appeals of Texas. Beaumont.

Nov. 1, 1943.

Rehearing Denied April 12, 1944.

K. W. Stephenson, of Orange, for petitioner.

DeWitt C. Bennett, of Orange, for respondents.

COMBS, Justice.

This is an original proceeding for mandamus. Petitioner, Bertha Cambell, was defendant in a forcible detainer action brought by respondent, R. E. Pettaway, to regain possession of a residence which she was renting from him. In the County Court of Orange county, on appeal from Justice Court, the county judge on a jury finding that the property was being "abused and over crowded with subtenants," entered judgment dispossessing her. Relators seek to have this court order the county judge to set aside that judgment and enter a judgment permitting her to retain possession. It is her contention that under the Federal Rent Regulations applicable to this defense area it is not a ground for a landlord to repossess property being damaged by the tenant until he has first given ten days' written notice to the tenant of the alleged damage, affording him an opportunity to correct it. Since the statutes do not permit an appeal in an action such as this, Vernon's Ann.Civ.St. Art. 3992, petitioner contends that under the broad equitable powers of this court we have jurisdiction to order the county judge of Orange county to set aside his allegedly erroneous judgment and enter the proper judgment. Be-

cause of the novelty of the question involved, we permitted the petition for mandamus to be filed and the case has been briefed and argued before us.

## Opinion.

We recognize that the courts possess rather broad equitable powers and discretion to grant relief against grave injustice in cases where no specific procedure has been provided. Such general powers exist by virtue of the Constitution and have been repeatedly recognized and applied by the courts on the theory that the arm of the law shall never be so shortened that the courts will be compelled to permit serious wrong and injustice to go unredressed merely because no specific procedure for its correction has been provided. Doubtless a situation might arise in a forcible entry or detainer action wherein the courts would be warranted in exercising such powers. And we do not deem it necessary to decide whether this court has jurisdiction to grant the writ of mandamus in a forcible detainer case such as this or whether the jurisdiction rests with the district court as contended by respondents. What we do hold is that the record before us does not in our opinion present a case calling for its exercise.

In the final analysis this case shows nothing more than a simple detainer action involving damages of only $15 wherein the losing party seeks to have the judgment of the county court reviewed. In such cases, since no question of title or ownership is involved but only the right of possession as between the landlord and tenant, the Legislature has seen fit to allow only one appeal, that from the justice court to the county court whose judgment is final. Vernon's Ann.Civ.St. Art. 3992; Madison v. Martinez, Tex.Civ.App., 56 S.W.2d 908, writ refused. In the present case the petitioner, Bertha Cambell, occupies a small rent house belonging to respondent, R. E. Pettaway, for which she has been paying a monthly rental of $10, and which on the findings of the jury she has overcrowded and damaged. The fact that the regulations promulgated by the Office of Price Administration of the Federal Government may not have been given full effect in the county court proceeding affords the courts no reason for interposing the extra-ordinary remedy of mandamus to provide a review denied by our statute.

We do not, of course, mean to imply that we think federal regulations such as involved here are unimportant. They are promulgated to assist our war effort and are no doubt necessary in a crowded defense area such as this. And it is of course the duty of our State courts to enforce federal laws and regulations involved in cases before them, as faithfully as statutes and regulatory rules promulgated by our own State. But it is also important that our courts shall carry on their functions in war time as well as in peace. Should this court establish the precedent of reviewing judgments such as this, involving interpretations of the many and ever changing rules promulgated by federal agencies, we should likely find ourselves in a situation where we could do little else and thus the courts would be greatly hampered in the performance of the vital functions for which they were created. This writer has watched with considerable concern the tendency in recent years to place upon our courts the duty of reviewing the acts of administrative agencies. This court is unwilling to take upon itself the added burden of providing an appellate procedure in ordinary forcible detainer actions which the Legislature has denied it. Already, petitioners have had full benefit of the procedure provided for such cases and under which our courts have functioned satisfactorily for many years. And we can see no just reason or excuse for adding an appellate remedy of review merely because a federal rent control regulation is incidentally involved.

The mandamus is refused.