**DAVIS et ux. v. BURNETT, Judge.**

**No. 14971.**

Court of Civil Appeals of Texas. San Antonio.

March 31, 1944.

Neil Beaton, of San Antonio, for relators.

Robert G. Harris, Andrew Dilworth, and Thomas G. King, all of San Antonio, for respondent.

SMITH, Chief Justice.

According to relators' motion, Mrs. Anna C. Castano brought forcible detainer proceedings in a justice of the peace court of Bexar County, against Charles Davis and wife, Caroline B. Davis, to recover possession of certain premises occupied by the Davises and situated in the City of San Antonio. From an adverse judgment in the justice of the peace court the Davises appealed to County Court at Law No. 1 of Bexar County, and after a jury trial there judgment was rendered *non obstante veredicto* ordering restitution of the premises to Mrs. Castano. No money judgment is involved.

The Davises have filed in this court their motion for leave to file petition for *mandamus* to require the Honorable McCollum Burnett, Judge of said County Court at Law, to enter judgment upon the jury's verdict in their favor and against plaintiff, Mrs. Anna C. Castano, for possession of the premises involved.

We are of the opinion that this court is without jurisdiction to grant the

writ prayed for in the application for writ of mandamus attached to the motion for leave to file, and therefore no good purpose could be served by granting the requested leave to file, which will be denied.

It is conceded, and relators base their demand for relief upon the assertion, that no appeal lies to this court from the judgment below. It is a final judgment, from which no appeal lies, and which may not be superseded. Art. 3993, R.S.1925, Rule 755, Texas Rules of Civil Procedure; Rose v. Skiles, Tex.Civ.App., 245 S.W. 127; Madison v. Martinez, Tex.Civ.App., 56 S.W.2d 908, writ refused.

It is true the losing party in a forcible entry and detainer proceeding has the right of appeal from a money judgment in a county court for an amount cognizable in the appellate court, but such appeal will be limited to the question of damages. In no event may the appellate court review or revise the question of right of possession. 19 Tex.Jur. p. 791, § 26; Madison v. Martinez, supra.

The authority of the Court of Civil Appeals to issue writs of mandamus is prescribed by Arts. 1823, 1824, and 1735a of the statute, Vernon's Ann.Civ.St. Arts. 1823 and 1824 are as follows:

Art. 1823. "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

Art. 1824. "Said Courts or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require." (As amended Acts 1929, 41st Leg. p. 68, ch. 33, § 1.)

Art. 1735a does not relate to this inquiry.

The authority of the Courts of Civil Appeals to issue writs of mandamus is limited to that expressly prescribed in the statutes. City of Big Spring v. Garlington, Tex.Civ.App. 88 S.W.2d 1095.

It is well settled that those statutes "do not apply where the (appellate) court has no jurisdiction over the controversy, as where the decision of the lower court is final and not subject to review." 28 Tex.Jur. p. 603, § 48.

Since the judgment of the trial court in this case is final and this court has no jurisdiction over the controversy in any event, it is obvious that this court is without power to grant the writ sought by relators.

Relators' motion for leave to file petition for mandamus is denied.