ST. MATTHEWS METHODIST CHURCH
et al. v. WATROUS et al.

No. 9536.

Court of Civil Appeals of Texas. Austin.

Dec. 19, 1945.

No briefs filed for appellants.
No briefs filed for appellees.

McCLENDON, Chief Justice.

Appeal from a judgment dissolving a temporary restraining order and dismissing a suit to permanently enjoin execution of a writ of possession under a judgment of forcible detainer. In the suit, brought by "St. Matthews Methodist Church, Jim Phillips and Bertha Clark, Trustees," against Bessie Watrous, plaintiffs (or plaintiff) sought a temporary restraining order against the sheriff and prayed that same be made permanent on final hearing. The ground of the sought relief was that the detainer suit was against Reverend J. N. Hill, who did not have possession of the property; and "That your petitioner, the plaintiff herein, is rightfully in possession of said property and said Forcible Detainer suit was not filed against your petitioner, the plaintiffs herein, and said execution now in the hands of Sheriff W. H. Collins of Travis County, Texas, is not directed at the plaintiff herein but against said J. N. Hill."

■ Appellee has filed a motion to affirm on certificate on the ground that the appeal is frivolous, and brought for delay only. The motion is manifestly not well taken. The only ground which will support affirmance on certificate is failure "to file a transcript .of the record in the proper time." Rule 387, T.R.C.P.

■ We have reached the conclusion, however, that this court has no jurisdiction of the suit, and that the appeal should be dismissed for reasons stated below.

The suit was brought in the justice court against Jim Hill, Jim Phillips, Bertha Clark, and four others, the docket entry showing that they were "Trustees of the St. Matthews Methodist Church," the citation to the several defendants also recited that fact. Judgment was rendered for defendants upon a trial at which came "all parties both Plaintiff and Defendant, together with their attorney's, and announced ready for trial." Appeal was duly perfected to the county court at law, in which court judgment of restitution was rendered by default on August 22, 1945. On the same day at 3 p. m. verified motion for new trial was filed by "St. Matthews Methodist Church, colored, J. M. Hill, pastor, by their attorney, Ayers K. Ross." The ground of the motion was: "It was defendant's understanding that said case had been set for 2: P. M. and for that reason defendant did not appear in court at 9: A. M. of this date."

Also on the same day at 2:50 p. m. an unverified motion for new trial was filed by "the defendant" in said cause, and signed by the same attorney. This motion asserted that "because the court was not on the bench on the morning of August 22, 1945, but was at home sick, said cause should have gone over until another date to be fixed by the court." August 25, 1945, an order was entered overruling "motion of defendant for a new trial," the order reciting that both parties appeared "by and through their attorneys and announced ready for trial. And it appearing to the court after having heard said pleadings and argument of counsel that said motion is not well taken and that the same should be in all things overruled and denied." The injunction suit was filed September 8, 1945; temporary restraining order was granted the same day and set for hearing September 10, 1945; and on September 12, 1945, the restraining order was dissolved and the injunction suit dismissed.

No appeal lies from a judgment of the county court in a forcible detainer case, absent (as here) a judgment for damages exceeding $100. Art. 3992, R.S.1925; Rose v. Skiles, Tex.Civ.App., 245 S.W. 127; Boyle v. Grubbs, Tex.Civ.App., 268 S.W. 277; Madison v. Martinez, Tex.Civ.App., 56 S.W.2d 908 (error ref.); Davis v. Burnett, Tex.Civ.App., 179 S.W.2d 1014.

If the injunction suit be regarded as an attempt to review the judgment for irregularities in the proceeding, it would be no

more appealable than the judgment in the detainer suit.

If, on the other hand, the suit be regarded as one to prevent an infringement of appellant's right of possession of real estate, under color of an allegedly void judgment (which on its face it appears to be), the district court alone would have jurisdiction. Benavides v. Benavides, Tex.Civ.App., 174 S.W. 293; Stewart v. Patterson, Tex. Civ.App., 204 S.W. 768; Graham v. Omar, Tex.Civ.App., 253 S.W. 896. See also Carey v. Looney, 113 Tex. 93, 251 S.W. 1040.

This case is distinguished from those in which it is held that the county court may enjoin a trespass upon real estate, the value of which is within the court's jurisdiction, where the issue of title is only incidental. See Coughran v. Nunez, 133 Tex. 303, 127 S.W.2d 885. The injunction here sought is to prevent an alleged total dispossession of one claiming to be in rightful possession of real property.

The motion to affirm on certificate is overruled and the appeal is dismissed.

Motion to affirm on certificate overruled.

Appeal dismissed.