## GILLAM et al. v. BAKER.
### No. 11787.

Court of Civil Appeals of Texas. Galveston.

June 20, 1946.

Rehearing Denied July 11, 1946.

See, also, 195 S.W.2d 824.

Lawrence Lipper, of Houston, for appellants.

Samuel Schwartz and McFarlane & Dillard, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the County Court at Law of Harris County in a forcible entry and detainer suit originally brought in a justice court of Harris County by appellee, Elbert Baker, as administrator, to recover from appellants, Almeta and Pullam Gillam, the possession of certain premises designated as 3216 Dowling Street in the City of Houston. From an adverse judgment in the justice court appellee appealed to the county court at law of Harris County.

In a trial in the county court at law a jury found, in answer to special issues submitted, that appellants had leased the premises in question from appellee upon a month to month basis and had agreed to pay the sum of $30 per month as rental for the use and possession thereof. They found $30 to be the reasonable monthly rental value of the premises. It is undisputed in the record that appellants failed to pay rental for 22 months of the period during which they were alleged to have occupied the property as tenants of appellee, a total of $660. It was stipulated by the parties that the legal services rendered

in behalf of appellee were of the reasonable value of $150. Judgment was rendered in favor of appellee for the recovery of possession of said premises and for writ of restitution and for damages for rentals and attorneys' fees in the total sum of $810.

Appellants' defense in the trial court was based upon their claim of title to the premises under an unproduced will of Sallie Mays Jenkins. No attempt had been made by them to establish or probate such will by proceedings in any court having probate jurisdiction. It was established on the trial that appellants paid rent to appellee from June 1, 1943, through January, 1944, and that they had failed to pay the rentals due subsequent to that time, and that written demand made upon them for possession of the premises had been refused.

Article 3973, Section 3, Vernon's Ann. Civil Statutes, provides that if any person shall wilfully and without force hold over any lands, tenements or other real property after the terminations of the time for which such premises were let to him, after demand made in writing for the possession thereof by the person or persons entitled to such possession, such person shall be adjudged guilty of forcible entry and detainer or of forcible detainer, as the case may be.

Article 3992, Vernon's Ann.Civil Statutes, provides that "The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars."

■ The facts in the record, including the verdict of the jury, established, we think, the relationship of landlord and tenant between the parties with the consequent right of appellee to prosecute this cause against the appellants for the right to the possession of the premises in question.

■ While under said Article 3992 the losing party in a forcible entry and detainer proceeding has the right of appeal from a money judgment in a county court for an amount in excess of $100, the courts of this state have uniformly held that such an appeal will be limited to the question of damages and that, in no event, shall the appellate court review or revise the question of right of possession of the property in question. Davis et ux. v. Burnett, Judge, Tex.Civ.App., 179 S.W.2d 1014; St. Matthews Methodist Church et al. v. Watrous et al., Tex.Civ.App., 191 S.W.2d 489; Madison v. Martinez, Tex.Civ.App., 56 S. W.2d 908, writ refused; 19 Tex.Jur., page 791, § 26; Rule 755, Texas Rules of Civil Procedure.

■ Under the above authorities the judgment of the county court at law in this case is final in so far as it involves appellee's right of possession of the property involved and the appeal, in so far as it affects that part of the judgment, must be dismissed.

■ Under appropriate points of appeal appellants complain of the action of the trial court in rendering judgment in favor of appellee for damages in the sum of $810, for the alleged reason that their alleged agreement to pay rentals for said premises was secured by fraud. They also assign error in the trial court's refusal to submit certain requested issues to the jury under which they sought to establish facts constituting the alleged fraud in connection with their entering into said agreement to pay rentals.

The record shows that the facts upon which appellants base these allegations of fraud and the requested issues under which they sought to establish the facts upon which they were alleged to have been based are predicated upon alleged fraud in connection with appellants' purported claim of title to the premises involved under said unproduced and unprobated will of Sallie Mays Jenkins, deceased, and, since the only issues triable in this action were issues involving the right of appellants to the possession of the premises involved, the requested issues did not present ultimate issues of fact and the answers thereto could not have affected the rendition of the proper judgment herein.

■ It follows from these conclusions that that portion of the appeal from the trial court's judgment awarding appellee the right of possession of the premises in-

volved must be dismissed. We have carefully considered the questions presented involving the awarding of money damages in the trial court's judgment. We find no reversible error therein, and that part of the trial court's judgment is affirmed.

· Dismissed in part, affirmed in part.