WALZEL v. SOUTHERN REALTY
CORP. et al.

No. 12392.

Court of Civil Appeals of Texas. Galveston.

Jan. 17, 1952.

Rehearing Denied Feb. 7, 1952.

Effie Reslan, of Houston, for appellant.

Fulbright, Crooker, Freeman & Bates and Austin C. Wilson, all of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of the District Court of Harris County, denying an application for a temporary injunction seeking to restrain appellees from levying a writ of restitution on him before he had perfected his appeal to this Court. The writ of restitution in question was issued in a forcible entry and detainer suit styled Southern Realty Corporation v. A. Walzel, originally brought in a Justice Court of Harris County to recover from appellant, A. Walzel, the possession of premises known as Nos. 407 and 408 in the Stewart Building in Harris County, Texas.

On November 20, 1951, appellee, Southern Realty Corporation, recovered a judgment against A. Walzel for the possession of said Rooms Nos. 407 and 408 in the Stewart Building in Houston, and writ of restitution was issued in said cause on November 26, 1951, and placed in the hands of a constable of Harris County for service. This Court granted an order restraining the constable from interfering with appellant's possession of said premises, pending a hearing as to whether said temporary restraining order should be made permanent.

This is an appeal from an interlocutory order entered by the District Court of Harris County, denying the application for said injunction. The only issue before the Court is whether the court erred in denying appellant's application for an injunction.

Art. 3973(3), Vernon's Annotated Civil Statutes, provides that if any person shall wilfully and without force hold over any lands, tenements or other real property after the termination of the time for which such lands, tenements or other real property were let to him, after demand made in writing for the possession thereof by the person or persons entitled to such posses-

sion, such person shall be adjudged guilty of forcible entry and detainer, or of forcible detainer, as the case may be.

Art. 3992, Vernon's Annotated Civil Statutes, provides that, "The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars."

The facts in the record established the relation of landlord and tenant between the parties with the consequent right of appellee to prosecute this cause against appellant for the right of possession of the premises in question.

While under Art. 3992 the losing party in a forcible entry and detainer proceeding has the right of an appeal from a money judgment in a county court for an amount in excess of $100.00, the courts of this state have uniformly held that such an appeal will be limited to the question of damages and that, in no event, shall the appellate court review or revise the question of right of possession of the property in question. Davis v. Burnett, Judge, Tex. Civ.App., 179 S.W.2d 1014; St. Matthews Methodist Church v. Watrous, Tex.Civ. App., 191 S.W.2d 489; Madison v. Martinez, Tex.Civ.App., 56 S.W.2d 908, writ refused; 19 Tex.Jur., page 791, sec. 26; Rule 755, Texas Rules of Civil Procedure; Gillam v. Baker, Tex.Civ.App., 195 S.W.2d 826.

It is undisputed that judgment was rendered in the county court at law of Harris County in favor of appellee, Southern Realty Corporation, and against appellant, A. Walzel, for the possession of the premises in question. It is the established law in this state that an injunction will not—in such situations—be granted either (1) to correct errors in a judgment which might have been corrected by legal remedies, or (2) to prevent the issuance of, or to correct an execution where the right of appeal from that proceeding has been denied by statute. Urbanec v. Jezik, Tex.Civ.App., 138 S.W.2d 1098; Hayes v. Bone, Tex.Civ. App., 69 S.W.2d 180; Reast v. Hughes,

Tex.Civ.App., 33 S.W. 1003; Odom v. Mc-Mahan, 67 Tex. 292, 3 S.W. 286.

In the case of Ringgold v. Graham, Tex. Com.App., 13 S.W.2d 355, 356, the facts are similar in all material respects to the facts in the case at Bar. The case involved an appeal from the actions by the District Court and the Court of Civil Appeals in a suit to enjoin the enforcement of a judgment and writ of restitution rendered and entered in a forcible entry and detainer suit, which judgment and writ were alleged to be void. The Commission of Appeals held that "It is the general rule that, if the record discloses the court rendering such judgment was without jurisdiction, the same is void, and open to contradiction or impeachment in a collateral proceeding. If it does not, the judgment is merely voidable, and can only be attacked in a direct proceeding."

■ It is also an established rule in this state that a judgment is not susceptible to collateral attack if it appears from the record that the court rendering and entering such judgment had jurisdiction over the persons involved and over the subject matter. Williams v. Steele, 101 Tex. 382, 108 S.W. 155; Yates v. Houston, 3 Tex. 433.

■ It is undisputed that in this case no damages were sought and, therefore, under said Article 3992 no appeal lies from the final judgment rendered and entered by the County Court at Law.

In the case of Gillam v. Baker, supra, Tex.Civ.App., 195 S.W.2d 824, 825, this Court had before it, as in the instant case, an appeal from an order of the District Court denying an injunction sought to stay proceedings in a forcible entry and detainer. Disposing of such interlocutory appeal this Court held, "The appellees before this court have moved to dismiss this cause from its docket, upon stated grounds, in substance as follows: '(1) The 11th District Court of Harris County, Texas, was without jurisdiction to grant injunctive relief, enjoining the exercise by the County Court at Law No. 1 of Harris County, of its exclusive judicial prerogatives in receiving a verdict in the trial of the issue of the right of possession in a Forcible En-

try and Detainer proceeding had in that Court before a jury, and in entering judgment in such cause, without any showing to the effect that such Court was without jurisdiction to proceed in the cause, or that any judgment entered by such Court was void. * * *' That position is held to be well taken, and will be sustained, under such authorities as these: (Citing cases)."

In this case it is undisputed that the County Clerk's file mark showed that the papers were filed in the County Court at Law on November 15 and that the case went to trial and was tried on November 20. In the findings of fact it was found as a fact that the papers were filed with the County Clerk of the County Court at Law on November 14 and that therefore the full five days required had elapsed at the time the case was tried.

■■ It has been uniformly held that every presumption is indulged in favor of the judgment when such judgment is subjected to collateral attack. It would not be proper for this Court to go behind the proceedings of the County Court at Law to determine whether the judgment of that court correctly found when the papers were filed in that Court. The Clerk's file mark as to the time of filing is not open to question.

In the case of Dyches v. Ellis, Tex.Civ. App., 199 S.W.2d 694, 697, it was held that, "A paper or document is filed in a judicial proceeding when it is lodged with the proper officer for the purpose of making it a permanent part of the record in the case. It is not essential to such filing that the officer make his endorsement thereon to that effect; although it is his duty to do so, if it is entitled to be filed. We attach no importance, therefore, to the fact that the justice did not endorse on the bond his filing thereof."

■ As to appellant's contention that the County Court at Law had no jurisdiction to hear this case for the reason that it was tried before the expiration of five full days, such contention cannot, we think, be sustained. It has been uniformly held that a judgment is only void and subject to collateral attack if the court rendering and entering such judgment lacked (1) jurisdic-

tion of the persons, and (2) jurisdiction over the subject matter.

It follows that under above facts, the judgment of the District Court denying the injunction sought by appellant must be, in all things, affirmed, and the temporary restraining order issued by this Court on December 15, 1951, is dissolved, effective immediately.