O. O. WILLIAMSON et ux., Appellants,

v.

Reeder C. JOHNSON, Appellee.

No. 678.

Court of Civil Appeals of Texas, Tyler.

March 22, 1973.

Gene W. Caldwell, Tyler, for appellants.

H. L. McGee, Jr., Tyler, for appellee.

**DUNAGAN**, Chief Justice.

This is a forcible detainer suit which was originally brought by the appellee, Reeder C. Johnson, against the appellants, O. O. Williamson and wife, Nellie Williamson, in a Justice Court in Smith County. The case was tried in Justice Court and was appealed to the County Court at Law where a trial de novo before a jury was had.

The case was submitted to the jury on two special issues [1] to which the jury found that (1) the appellee was entitled to possession of the property in dispute and (2) the reasonable rental value of the property per month from February 14, 1972 to June 22, 1972 was $150.00.

Appellee-plaintiff filed a motion for judgment in accordance with the verdict of the jury. Appellants-defendants filed a motion for judgment notwithstanding the verdict which was overruled. The trial court rendered judgment for appellee on the jury verdict which awarded him the possession of the property in question and the sum of $600.00 as damages. From this judgment appellants have duly perfected their appeal to this court.

There is no statement of facts. The record is before us on the transcript and briefs of the parties only.

Appellants by their first two points of error attack the jurisdiction of the Justice Court and of the County Court to entertain the suit. They contend that the Justice Court did not have jurisdiction to try the case because the suit involved title to the property in controversy and consequently the County Court obtained none.

---

1. "SPECIAL ISSUE NO. ONE: Do you find from a preponderance of the evidence that REEDER C. JOHNSON is entitled to possession of the property described in Plaintiff's pleadings in this case?
   "ANSWER 'We do' or 'We do not.'
   "ANSWER: We do.
   "SPECIAL ISSUE NO. TWO: What amount, if any, do you find from a pre- ponderance of the evidence, to be the reasonable rental value per month of the property described in Plaintiff's pleadings in this case, at the place where said property is located, during the period February 14, 1972 to June 22, 1972?
   "ANSWER in dollars, if any, and cents, if any.
   "ANSWER: 150.00"

■ It is asserted in appellants' third point of error that the trial court erred in overruling their objection to the court's charge as a whole, on the ground that "the same amounts to a general charge and it is global." To object to the court's charge as a whole as a general charge, without designating any particular issue, is to no avail. West v. Matteson-Southwest Co., 369 S. W.2d 496 (Tex.Civ.App., Houston, 1963, n. w. h.); J. M. Radford Grocery Co. v. Andrews, 15 S.W.2d 218 (Comm. of Appeals, 1929); 57 Tex.Jur.2d sec. 521, p. 235. However, in the argument thereunder, which we look to, Ascension v. Saenz, 349 S.W.2d 266 (Tex.Civ.App., San Antonio, 1961, n. w. h.) and Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943), appellants only assert error in the manner of the submission of Special Issue No. 1 which relates solely to appellee's right to possession of the premises involved.

■ Appellants' fourth [2] point of error is multifarious because it embraces more than one specific ground of error. Keahey v. Jones, 291 S.W.2d 767, 770 (Tex.Civ. App., Amarillo, 1956, n. w. h.); Johnson-Sampson Construction Company, Inc. v. W & W Waterproofing Company, 274 S.W.2d 926, 930 (Tex.Civ.App., Amarillo, 1953, writ ref., n. r. e.). Also see Justice Life Insurance Company v. Orgain, 339 S.W.2d 230 (Tex.Civ.App., Dallas, 1960, n. w. h.); Thaxton v. Reed, 339 S.W.2d 241, 248 (Tex.Civ.App., Dallas, 1960, writ ref., n. r. e.); Frozen Foods Express v. Odom, 229 S.W.2d 92 (Tex.Civ.App., Eastland, 1950, writ ref., n. r. e.). Again, we look to the argument under this point, Perkins v.

Smith, 476 S.W.2d 902, 906 (Tex.Civ.App., Houston (14th Dist.) 1972, writ ref., n. r. e.), and find that this point is also leveled solely at Special Issue No. 1 on the ground that said issue should have been conditionally submitted upon findings with respect to whether proper notice was given and with respect as to whether the landlord-tenant relationship existed. The appellants argue that "(t)he absence of such a fact finding by the jury and the failure of the court to submit the same is error, and the entry of the judgment based upon such charge which is void of a necessary fact finding to sustain the judgment is reversible error."

We are confronted at the outset with appellee's contention that this court has no jurisdiction to consider this appeal insofar as it concerns the judgment awarding the possession of the property to him.

■ The law seems to be well established that *no* appeal lies from a judgment of the County Court to this Court involving either forcible entry and detainer or forcible detainer actions and we have no jurisdiction to consider such appeal, unless damages in excess of $100.00 are awarded, and then only that portion of the appeal which concerns damages awarded will be entertained. New Friendship Baptist Church v. Collins, 453 S.W.2d 529 (Tex. Civ.App., Houston (14th Dist.) 1970, n. w. h.); Pizanie v. Citizens Investment Company, 448 S.W.2d 803 (Tex.Civ.App., Houston (14th Dist.) 1969, writ ref.); Family Investment Co. of Houston v. Paley, 356 S.W.2d 353 (Tex.Civ.App., Hous-

2. "The trial court erred in overruling the Defendant's objection number three to the charge of the court which read as follows, 'Defendants object and except to Special Issue No. 1 for the reason that such issue is global and the same amounts to a general charge. That it places the burden of proof improperly upon the Defendants. That it amounts to a comment upon the evidence by the court in that the manner in which the issue is phrased tends to lead the jury to believe that the court is giving its opinion that the plaintiff is entitled to possession of the property in this case. Further that said issue should be conditionally made upon findings with respect to whether proper notice was given with respect as to whether the landlord-tenant relationship existed; that the issue presumes that such landlord-tenant relationship existed when the evidence is overwhelming against such position.'"

ton, 1962, writ dism.); Walzel v. Southern Realty Corp., 245 S.W.2d 758 (Tex.Civ. App., Galveston, 1952, mandamus overruled); Keils v. Waldron, 240 S.W.2d 788 (Tex.Civ.App., Waco, 1951, n. w. h.); Gillam v. Baker, 195 S.W.2d 826 (Tex.Civ. App., Galveston, 1946, writ dism.); Madison v. Martinez, 56 S.W.2d 908 (Tex.Civ. App., Dallas, 1933, writ ref.); 25 Tex.Jur. 2d sec. 33, p. 495; Art. 3992, Vernon's Ann.Texas Civ.St. Therefore, we have jurisdiction in the case at bar only to review that portion of the judgment awarding damages.

■ Where a court either in a forcible entry and detainer or forcible detainer action goes beyond its jurisdiction and tries title, the judgment is absolutely void, and injunctive relief will lie to prevent the enforcement of such judgment. Maybin v. Fitzgerald, 45 S.W. 611 (Tex.Civ.App., 1898, n. w. h.); 25 Tex.Jur.2d sec. 3, p. 467. This remedy was pursued in the two cases cited by appellants, Dent v. Pines, 394 S.W.2d 266 (Tex.Civ.App.) and American Spiritualist Ass'n v. Ravkind, 313 S. W.2d 121 (Tex.Civ.App.)

■ Moreover, the law is well established in this State that an appellate court cannot determine whether the giving or refusing of a charge or instruction or an issue is reversible error in the absence of a statement of facts. Duffey v. Hanes, 474 S.W.2d 621 (Tex.Civ.App., Dallas, 1971, writ ref., n. r. e.); Lanier, Inc. v. Bexar County National Bank of San Antonio, 376 S.W.2d 42 (Tex.Civ.App., San Antonio, 1964, n. w. h.); and 3 Tex.Jur.2d secs. 451 and 458. Without the benefit of a statement of facts we are unable to determine whether issues as to whether proper notice was given or landlord-tenant relationship existed, should have been submitted to the jury. Patterson v. Hall, 421 S.W.2d 921

(Tex.Civ.App., Austin, 1967, reversed on other grounds, Tex., 430 S.W.2d 483). Also it is well settled that in the absence of a statement of facts the appellate court will presume that evidence is sufficient to support the verdict and judgment. Stovall v. Scofield, 325 S.W.2d 221 (Tex.Civ.App., Ft. Worth, 1959, n. w. h.); Dyche v. Simmons, 264 S.W.2d 208 (Tex.Civ.App., Ft. Worth, 1954, writ ref., n. r. e.); Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549 (1946); Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363 (1945). " '* * * While a judgment in the absence of the evidence upon which it was rendered, will be sustained by presumption, it will never be rendered invalid by presumption.' " Schweizer v. Adcock, supra. The burden is upon the appellants to bring forward the whole record. Coleman v. Pacific Employers Insurance Company, 484 S.W.2d 449 (Tex.Civ.App., Tyler, 1972, writ ref., n. r. e.).

■ There is no assignment of error attacking Special Issue No. 2 (the damage issue) or contesting the amount of the money judgment, and hence no power of review is conferred by the appeal on this portion of the judgment. Madison v. Martinez, supra. Henderson v. Jimmerson, 234 S.W.2d 710, 719 (Tex.Civ.App., Texarkana, 1950, writ ref., n. r. e.); Sinclair Oil & Gas Company v. Adams, 392 S.W.2d 721 (Tex.Civ.App., Beaumont, 1965, writ ref., n. r. e.); City of Deer Park v. State ex rel. Shell Oil Co., 275 S.W.2d 77 (Tex. Sup., 1954). It follows from what we have said that the portion of the attempted appeal from the trial court's judgment awarding appellee the right of possession of the property involved must be dismissed and that portion of the judgment awarding damages is affirmed. Gillam v. Baker, supra.

Dismissed in part and affirmed in part.