Mrs. Art **SCHRADER** et al., Appellants,

v.

Luis F. **GARCIA** et al., Appellees.

No. 901.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 27, 1974.

Rehearing Denied Dec. 19, 1974.

29, 1969, an automobile driven by Mrs. Art Schrader struck and killed a bull on Texas Farm to Market Road #774 in Refugio County, Texas. Mrs. Schrader then drove to a nearby town to seek aid in removing the animal from the roadway. Soon thereafter, while Mrs. Schrader was away seeking aid, another automobile driven by Sarita Garcia and occupied by passengers, Luis Garcia and Eloisa R. Garcia, collided with the dead animal. All of the Garcias sustained personal injuries.

The Garcias sued Mrs. Schrader and the animal owners, Virginia H. and J. Meredith Tatton, doing business as Salt Creek Ranch. Mrs. Schrader sought recovery over against the Tattons, and they against her, for indemnity or contribution. The trial court, thereafter, disposed of all claims against the Tattons by granting their motion for summary judgment. Subsequently, trial was to a jury which found that the second collision was proximately caused by the negligence of Mrs. Schrader, but refused to find any acts of negligence against the other driver, Sarita Garcia. The trial court entered judgment for the Garcias against defendant Schrader. Mrs. Schrader appeals.

This Court by written opinion handed down October 31, 1974, denied appellant's third motion for extension of time to file statement of facts. The appeal, therefore, is now before us with only a transcript and briefs and without a statement of facts.

◼ Appellant has brought forward nine points of error. She has predicated points 1, 2, 3, 6, 7 and 8 on either a lack of evidentiary support to justify the trial court's submission of the issues or that the answers to the issues were based on no evidence or insufficient evidence. In the absence of a statement of facts an appellate court may not review whether the giving or refusing of an issue was reversible error. Williamson v. Johnson, 492 S. W.2d 327, 330 (Tex.Civ.App.—Tyler 1973, n. w. h.). Neither can an appellate court, without a statement of facts, pass on con-

O. F. Jones, Victoria, for appellants.

Ben A. Donnell, Meredith & Donnell, Bob McKissick, William R. Edwards, Corpus Christi, Nago Alaniz, San Diego, Cal., for appellees.

## OPINION

YOUNG, Justice.

This suit for personal injuries arose from two separate and distinct automobile collisions with a bull. At night on September

tentions of no evidence or insufficient evidence. Jackson v. Hendrix, 494 S.W.2d 652, 653 (Tex.Civ.App.—Fort Worth 1973, n. w. h.). Points 1, 2, 3, 6, 7 and 8 are overruled.

In point 4 the appellant complains that the submission of Special Issue No. 1 was general, global, not supported by the pleadings, and not an ultimate issue in the case. About the general and global arguments, this case was tried after September 1, 1973, when the amendment to Rule 277, Texas Rules of Civil Procedure, became effective. That amendment precludes contentions that an issue is too broad or global so as to constitute error. About the no support in the pleadings assertion, we have considered the pleadings and we disagree with that assertion. About the not an ultimate issue complaint, we cannot resolve that issue without the statement of facts. Williamson v. Johnson, supra. Point 4 is overruled.

In point 5, the appellant says the trial court erred in refusing to admit into evidence certain testimony of a highway patrolman. Again, without a statement of facts, we are unable to determine whether the trial court committed error regarding evidence rulings. McRae Oil Corporation v. Guy, 495 S.W.2d 31, 34 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.). Point 5 is overruled.

Finally, in point 9, appellant contends the trial court erred in granting the Tattons' motion for summary judgment because there is a fact question as to why the cattle were on the road. In that regard, the substance of the allegations in the pleaded cause of action against the ranch owners (Tattons) were that they knowingly allowed their animals to run at large and that they failed to maintain adequate fences and gates sufficient to enclose cattle. For any recovery against the ranch owners as a result of a trial on the merits, the Garcias or Mrs. Schrader had to prove either the ranch owners' knowledge of cattle running at large and proximate cause or inadequate fences or gates and proximate cause. See 7 Tex.Jur.2d Automobiles § 183.

The question to be resolved in a summary judgment case where the defendant is the movant, as here, is whether summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action. Rule 166–A, T.R.C.P.; Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex.Sup.1970).

The summary judgment evidence the trial court had available for the hearing comprised the following: affidavit and deposition of A. E. Emmert, ranch foreman; affidavit of Jesse J. Pertuit, Jr., ranch employee at the time of the collision, but not at the time of execution of the affidavit; affidavit of Robert Shipp, another rancher in Refugio County; deposition of Sarita Garcia; depositions of Mr. and Mrs. Schrader. We have examined carefully all the summary judgment evidence and find no fact questions raised that the ranch owners: (1) knowingly allowed their cattle to run at large; or (2) negligently failed to maintain adequate fences and gates sufficient to enclose cattle. And either (1) or (2) is an essential element of any cause of action here pleaded against the ranch owners. So the trial court properly granted the ranch owners' motion for summary judgment. Point 9 is overruled.

The judgment of the trial court is affirmed.