**LEE McGUIRE 1900 COMPANY,**
**Appellant,**

v.

**INVENTIVE INDUSTRIES, INC., et al., Appellees.**

**No. 8095.**

Court of Civil Appeals of Texas, Beaumont.

April 27, 1978.

Rehearing Denied May 18, 1978.

Ronald E. Tigner, Houston, for appellant.

Larry W. Bass, Houston, for appellees.

CLAYTON, Justice.

Plaintiff below, Lee-McGuire 1900 Company, initially brought this forcible entry and detainer action against Fontana-Murrell-Polydoros, Inc. (F–M–P), Fontana-Polydoros, Inc. (F–P), Texas General Petroleum Corporation (T–G–P–C), and Inventive Industries, Inc., in the justice of the peace court to recover possession of office space in a building in Houston. This court gave plaintiff possession of the premises, and defendants appealed. The case was then tried de novo by the county court-at-law without a jury. The county court held that plaintiff was entitled to restitution of the premises from all of the occupants except Fontana-Polydoros, Inc., which was entitled to retain possession. The court also ordered the four defendants to pay plaintiff $9,872.34, which represented the rent owed on the premises. Plaintiff also sought attorney's fees, but none were awarded. Findings of fact and conclusions of law were filed. Plaintiff requested additional findings on attorney's fees, but the trial court refused to make these findings. Plaintiff has appealed from the trial court's refusal to award attorney's fees.

The evidence in this case shows that F–M–P leased office space from plaintiff in November of 1973. In June of 1974, F–

M–P assigned the lease to F–P, and this assignment was approved by plaintiff as required by the lease. In April of 1976, F–P assigned the lease to Inventive Industries, Inc., and this assignment was also approved. Inventive then entered into an agreement with T–G–P–C to assign this lease to T–G–P–C. Although plaintiff never approved this assignment, Inventive moved out of the premises and T–G–P–C moved in on January 4, 1977. On January 5, plaintiff gave written notice to all four defendants that the lease was terminated because of failure to pay the rent, abandonment of the premises by Inventive, and assignment of the premises to T–G–P–C without plaintiff's written consent. Defendants then tendered the January rent, which was due on the first of the month, and plaintiff refused to accept it. On January 12, 1977, plaintiff filed this forcible entry and detainer action.

The threshold question presented by the defendants is a jurisdictional issue. Defendants contend in their first counterpoint that this court lacks jurisdiction to consider this issue under Tex.Rev.Civ.Stat.Ann. art. 3992 (1966). Article 3992 read as follows:

"The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars."

■ It is established law that in forcible entry and detainer suits our courts of civil appeals have no jurisdiction to consider the question of possession of the premises. When damages are awarded in excess of $100, only the damage issue is appealable. E. g., *Vickery v. Symes,* 527 S.W.2d 836, 837 (Tex.Civ.App.—Tyler 1975, no writ); *Williamson v. Johnson,* 492 S.W.2d 327, 329–30 (Tex.Civ.App.—Tyler 1973, no writ); *Madison v. Martinez,* 56 S.W.2d 908 (Tex.Civ. App.—Dallas 1933, writ ref'd).

■ Appellee argues that *Article* 3992 should be interpreted so as to allow only losing parties to appeal the damage portion of the judgment and cites the following quotation from *Gillam v. Baker,* 195 S.W.2d

826, 827 (Tex.Civ.App.—Galveston 1946, writ dism'd), as authority:

"While under said Article 3992 the *losing party* in a forcible entry and detainer proceeding has the right of appeal from a money judgment in a county court for an amount in excess of $100, the courts of this state have uniformly held that such an appeal will be limited to the question of damages . . . ." (Emphasis added in brief.)

No case was cited nor can we find any case in which the "prevailing" party in a forcible entry and detainer action appealed the court's refusal to grant attorney's fees. However, it is our conclusion that neither *Article* 3992 nor the language in *Gillam* precludes this type of appeal.

The damages awarded in this suit were in excess of $100, and this appeal involves and affects the award of damages, since attorney's fees may be considered as and included in damages under Tex.R.Civ.P. 752. Since this is an appeal complaining of the amount of damages which exceeds the sum of $100, we hold this court has jurisdiction.

■ Plaintiff contends in its first point of error that it was an abuse of discretion for the trial court to refuse to award plaintiff attorney's fees.

Tex.R.Civ.P. 752 provides in part that:

"On the trial of the cause in the county court the appellant or appellee shall be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal.

"Damages may include but are not limited to loss of rentals during the pendency of the appeal and reasonable attorney's fees in the justice and county courts. Only the party prevailing in the county court shall be entitled to recover damages against the adverse party."

Since the award of attorney's fees is considered a penalty, this rule should be strictly construed. *Tenneco Oil Company v. Padre Drilling Company,* 453 S.W.2d 814, 818 (Tex.1970); *Van Zandt v. Fort Worth Press,* 359 S.W.2d 893, 895 (Tex.1962); *Perry v.*

*Leuttich,* 121 S.W.2d 332, 333 (Tex.Comm. App.1938), opinion adopted. Although we find no case in which the court addressed the question of whether *Rule* 752 is mandatory or discretionary, our conclusion is that *Rule* 752 gives the trial court discretion to grant or deny attorney's fees. This interpretation is based at least in part on the use of the word "may" in the sentence involving attorney's fees.

In this case it is our conclusion that the trial court did not abuse its discretion in refusing to award attorney's fees. This suit was initiated against four defendants for possession of the premises and for past rents. It is undisputed that the rents were owed. Defendants' tender of the rent was rejected each month and was placed in an escrow account. Therefore, the real issue to be litigated in this action was the right to possession of the premises. On the possession issue, plaintiff was the "prevailing" party as to three of the defendants, but was the losing party as to F–P. All four of the defendants were represented by the same attorney. If the court awarded attorney's fees to all of the "prevailing" parties, plaintiff and F–P would receive attorney's fees. Moreover, plaintiff did not prove specifically the amount of fees attributable to the suit against those defendants against whom he prevailed and the fee attributable to F–P. In this situation it should not be considered an abuse of discretion for the trial court to order that each party pay its own attorney's fees instead of exchanging attorney's fees.

Under the record in this case we hold there is no showing of an abuse of discretion in refusing to award attorney's fees to plaintiff as an element of damages.

■ In his second point of error, plaintiff contends that the trial court erred by refusing to answer plaintiff's request for additional findings of fact and conclusions of law relating to attorney's fees. The court did make findings of fact and conclusions of law on attorney's fees. The court found that all of the parties were required to retain attorneys and that each party should bear its own attorney's fees. Since the

matter of attorney's fees was disposed of by these findings and conclusions, it is not error for the trial court to refuse to make additional findings on the same point. See *Flagg Realtors, Inc. v. Harvel,* 509 S.W.2d 885, 893 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.); *Huber v. Buder,* 434 S.W.2d 177, 181 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.

AFFIRMED.