**MASTERMARK HOMEBUILDERS, INC., Appellant,**

v.

**OFFENBURGER CONSTRUCTION, INC. and David Offenburger A/F/S, Appellees.**

No. A14–92–00934–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 24, 1993.

Edward Groff, III, Houston, for appellant.

Arthur A. Moure, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

This is an appeal from a trial de novo appeal in the Brazoria County Civil Court at Law No. 2, regarding a forcible detainer suit which was filed in the Justice of the Peace Court, by appellant, Mastermark Homebuilders, Inc., against appellee, Offenburger Construction, Inc. In a single point of error, appellant contends the county court erred in permitting appellee to amend its pleadings to include a counterclaim for recovery of attorney's fees prior to the trial de novo in the county court, and thereafter allowing the issue of attorney's fees to be presented to the jury and subsequently awarding a judgment for such fees to appellee. We affirm.

This suit originated from a March 27, 1990, option contract between appellant and Metro Financial Corporation (Metro). Pursuant to the contract, appellant paid $5,000 for the option to purchase certain tracts of land over a period of time. For some time prior to the execution of the contract, appellee maintained a sales office on a tract of land covered by the contract. Appellant maintains that appellee also placed construction trailers on the property. Following the execution of the contract, but before exercising its option to purchase, appellant made repeated requests to appellee to remove its personal property from the land. On December 10, 1990, again before any exercise of the option to purchase, appellant sent a letter to appellee demanding the latter to vacate the property or legal action would ensue. Appellee thereafter informed appellant that appellee was of the opinion that appellant merely held an option to purchase the property, and until Metro, whom it considered the owner of the property, requested appellee vacate, or appellant purchased the property, it would remain on the premises.

On February 5, 1991, appellant filed its complaint against appellee for forcible detainer in the justice court. The case was then set for trial in the justice court. Prior to trial on March 18, 1991, and subsequent to the demand letter of December 10th, appellant purchased the property from Metro under the option contract. At trial, appellant was awarded possession of the property, $1,200 in attorney's fees and costs. Following the judgment in the justice court, appellee made arrangements to vacate the premises. Appellee then made a timely motion for trial de novo in the county court. Seven days prior to trial of the case in the county court, appellee filed its counterclaim seeking recovery of attorney's fees. Appellant objected by moving to strike the counterclaim on the basis that

it was barred by TEX.R.CIV.P. 574a. Appellee answered appellant's objection on the basis that Texas Rule of Civil Procedure 752 permits it to recover attorney's fees. The county court allowed the counterclaim, and at trial appellee argued that forcible detainer suits are governed by special rules and appellant did not follow those rules. Specifically, appellee contended that when appellant mailed its demands to appellee it merely held an option to purchase the property, and was not at that time the owner of the property. The jury rendered a verdict for appellee and awarded attorney's fees in the amount of $4,500 and costs. Appellee received an additional $2,500 in attorney's fees in the event of an appeal to this court.

According to appellant, in order to recover attorney's fees in a forcible detainer suit, the defendant must be in possession of the property at the time of the trial in the county court and defending its right to actual possession at that time. Appellant further contends that appellee's failure to assert a claim for attorney's fees in the justice court precludes its opportunity to do so in the county court.

 Appellant relies on TEX.R.CIV.P. 574a which prohibits a defendant from setting up any set-off or counterclaim which was not pleaded in the court below. However, Rule 574a of the Rule of Civil Procedure governs generally cases appealed from the justice court to the county court. The action of forcible detainer, on the other hand was specially created by the legislature to provide a speedy, simple, and inexpensive means for resolving the question of the right of possession of premises. The authority for, and procedures governing this special action are contained in the Texas Property Code §§ 24.001–24.011 (Vernon Supp.1993), and the Texas Rules of Civil Procedure 738–755 (Vernon 1967 & Vernon Supp.1993). Section 24.006 of the Property Code governs attorney's fees and costs. According to section 24.006, in order for a landlord to be eligible to recover attorney's fees in a forcible detainer suit, the landlord must give a tenant who is unlawfully retaining possession of the landlord's premises a written demand to vacate the premises. TEX.PROP.CODE ANN. § 24.006(a) (Vernon Supp.1993). The written demand must be sent at least ten days before the date the suit is filed. *Id.* Subsection 24.006(c) allows for the recovery reasonable attorney's fees by the prevailing tenant from the landlord, if the landlord provides notice under subsection (a). A prevailing tenant is not required to give notice in order to recover attorney's fees under this subsection. *Id.*

 It is clear that to recover attorney's fees under section 24.006 of the Property Code, notice must be sent to the tenant at a time when a landlord-tenant relationship exists. It was not disputed in the record or in argument that appellant did not occupy such a status until after the notice letter of December 10, 1990. Therefore, attorney's fees which were unauthorized by statute, were awarded against appellee in the justice court. It was this award that was the basis of his de novo appeal to the county court.

 In addition, Rule 752, referring to damages in forcible entry and detainer suits, provides, "On the trial of the cause in the county court the appellant or appellee shall be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal." TEX.R.CIV.P. 752. Damages under this rule include reasonable attorney's fees. The Texas Supreme Court in *Tallwater v. Brodnax*, 137 Tex. 604, 156 S.W.2d 142 (1941), held that article 3990, the statutory predecessor to Rule 752, provided the exclusive remedy for recovery of attorney's fees incurred in defending a forcible detainer suit. 156 S.W.2d at 144; *Hanks v. Lake Towne Apartments*, 812 S.W.2d 625, 628 (Tex.App.—Dallas 1991, writ dism'd).

 Appellant argues that Rule 752 and case law require that the party seeking to recover attorney's fees be on the property defending his right to possession at the time of trial in the county court. Appellant further argues that Rule 752 permits the pleading of additional causes of action on appeal to the county court, but does not allow additional claims for monetary dam-

ages absent pleading for such claim in the justice court. We do not agree. First, Rule 752 does not require that damages in the form of attorney's fees be plead in the justice court. The rule merely states that the requirements of § 24.006 of the Property Code be satisfied. Furthermore, no case cited by appellant holds that the defendant in a forcible entry and detainer suit is not entitled to attorney's fees if he is not in possession of the property at the time of trial in the county court. The cases instead state the general rule that damages recoverable in a forcible entry and detainer suit must be related to the issue of possession. *See Tallwater*, 156 S.W.2d 142; *Hanks*, 812 S.W.2d 625. *See also Rushing v. Smith*, 630 S.W.2d 498 (Tex.App.—Dallas 1982, no writ) (where damages for work done in harvesting crops prior to the forcible detainer suit were not damages related to defending possession).

To agree with appellant's position that since appellee failed to counterclaim for attorney's fees in the justice court, and was not defending a right of possession in the county court, he is now prohibited from recovering attorney's fees in the county court, would leave appellee with no recourse for the justice court's unauthorized award of attorney's fees against appellee.

It has been held that Rule 752 gives the trial court discretion to grant or deny attorney fees. *See Lee McGuire 1900 Co. v. Inventive Industries*, 566 S.W.2d 95 (Tex.Civ.App.—Beaumont 1978, writ dism'd); *Rushing v. Smith*, 630 S.W.2d 498 (Tex.App.—Dallas 1982, no writ). We hold that the trial court acted within its discretion by allowing appellee to counterclaim for attorney's fees prior to the trial in the county court. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.