NUMBERS 13-99-539-CR


 13-99-540-CR

 13-99-541-CR

 13-99-542-CR

 13-99-543-CR

 13-99-544-CR

 13-99-545-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


STANLEY ROSENTHAL, 
Appellant, 

 

v.



STATE OF TEXAS, 
Appellee.

 

___________________________________________________________________


On appeal from the County Court at Law 


of Matagorda County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez



Opinion by Justice Chavez



 This case was first tried in Bay City Municipal Court, then by de
novo appeal at the County Court at Law of Matagorda County. 
Appellant Stanley Rosenthal was convicted in the county court at law
of seven counts of violating a Bay City municipal ordinance that
prohibited allowing animals, in this case horses, to run at large within
the city limits. On appeal before this Court, he contends that the
evidence was legally insufficient to show that he intentionally allowed
his horses to run free, and that the municipal court lacked jurisdiction
because the place where appellant's horses escaped is not within the
city limits. Because the city ordinance does not require that the act be
"intentional," or that the animals running at large within the city limits
also escaped within the city limits, we affirm.

 In a legal sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether a rational trier of fact
could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979); Williams v. State, 937 S.W.2d 479, 482
(Tex. Crim. App. 1996). Regardless of the language of the jury charge,
sufficiency of the evidence is measured by the elements of the offense
as defined by a correct hypothetical jury charge for the offense. Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

 The city ordinance at issue in this case provided:

It shall be unlawful for any owner or harborer of a . . . horse
. . . to allow the same to run at large on the streets,
sidewalks, alleys, parks, or other public places or upon
another person's business or private property.


Bay City, Tex., Code § 14-8 (2000).(1)

 Appellant argues that there is insufficient evidence that he
"intentionally" allowed his horses to run at large. However, the statute
does not require intent. Civil liability against the owner of an animal
running at large requires proof of either the owner's knowledge of
animals running at large or negligence in the form of inadequate fences
or gates. Schrader v. Garcia, 516 S.W.2d 690, 692 (Tex. Civ. App.--Corpus Christi 1974, writ ref'd n.r.e.). However, appellant cites no
authority indicating that we should impose a "knowing" or "negligent"
mens rea onto the ordinance at issue. 

 He does argue, without citing authority, that "Courts of Appeals
have stated, 'Under statutes punishing one who knowingly or willfully
permits stock to run at large, ect., (sic) a necessary element of the
offense is an intention to do the act prohibited . . . .[']" However, the
ordinance at issue in this case is not limited to "knowingly or willfully"
allowing animals to run at large. Therefore, whether the evidence
showed that appellant acted with intent is irrelevant. Appellant's first
point of error is overruled.

 Second, appellant argues that the municipal court of Bay City
lacked jurisdiction because the State "failed to establish that appellant's
property, where the incident occurred, was located in Bay City." A
municipal court has jurisdiction over all criminal cases arising under the
city ordinances within the city limits. Tex. Code Crim. Proc. Ann. art.
4.14 (Vernon Supp. 2000). 

 An animal control officer unequivocally stated that he observed
appellant's horses inside the city limits. Appellant apparently takes the
position that the place where "the incident occurred" is the place where
his horses escaped from his fence. The ordinance, however, focuses on
the animals' presence inside the city limits, regardless of where the
animals initially escaped. Although there does not appear to be any
authority dealing directly with the jurisdiction of municipal courts for
offenses that take place in part outside the municipal jurisdiction, we
note that the State of Texas does have jurisdiction over offenses
committed in part outside of Texas, so long as a result of the offense
that is an element of the offense occurs inside this state. Tex. Pen. Code
Ann. § 1.04(a)(1) (Vernon 1994). In this case, the violative act of
"allowing" the horses to run at large inside the city limits was an
ongoing act that was not confined to the moment the horses escaped,
but continued while the horses were loose inside the city limits. The
"result" of the offense, that appellant's horses 

were loose within the city limits, was an element of the offense. 
Appellant's second point is also overruled.

 The judgment of the trial court is affirmed.


 MELCHOR CHAVEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 8th day of June, 2000.

1. The Bay City Code was renumbered in 2000. The cited
provision is identical to section 4-8 of the 1985 Code, which was in
effect at the time of the offense and trial.